IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MOVIELINK, LLC,<br><br>    Defendant. | C.A. No. 07-605-JJF |

### DEFENDANT MOVIELINK, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

### ANSWER

Defendant Movielink, LLC ("Movielink"), by the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement ("the Complaint"). Each of the paragraphs, numbered 1–11 below corresponds to those paragraphs numbered 1–11 in the Complaint. Movielink denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below:

  1.  This is an action for patent infringement under 35 U.S.C. § 1 *et seq.*

**ANSWER:** Movielink admits that this action purports to state a claim for patent infringement under 35 U.S.C. § 1 *et seq.*, but denies the merits of the claim.

  2.  Plaintiff American Patent Development Corporation, LLC ("American") is a limited liability company formed and existing under the laws of the State of Delaware with offices located at 133 East 62nd Street, New York, New York 10021.

**ANSWER:** Movielink is without knowledge or information sufficient to admit or deny the averments of paragraph 2, and the averments are therefore denied.

3. Defendant Movielink, LLC ("Movielink") is a limited liability company formed and existing under the laws of the state of Delaware with offices located at 2120 Colorado Avenue, 4th Floor, Santa Monica, California 90404.

**ANSWER:** Admitted.

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

5. Personal jurisdiction over Movielink is proper in this District.

**ANSWER:** Admitted.

6. Venue exists in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Admitted.

7. American owns all title, right, and interest in and to United States Letters Patent No. 5,400,402 (the "'402 patent") entitled "System for Limiting Use of Down-Loaded Video-on-Demand Data," which was duly and legally issued by the United States Patent and Trademark Office on March 21, 1995. As required by Local Rule 3.2, a copy of the '402 patent is attached as Exhibit A.

**ANSWER:** Movielink admits that according to the face of U.S. Patent No. 5,400,402 ("the '402 patent"), the '402 patent is entitled "System for Limiting Use of Down-Loaded Video-on-Demand Data" and was issued by the United States Patent and Trademark Office on March 21, 1995. Movielink also admits that a copy of the '402 patent is attached to the Complaint as Exhibit A. Movielink is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 7, and the averments are therefore denied.

2

8.  American incorporates by reference paragraph nos. 1 through 7 as if fully set forth herein.

**ANSWER:** Movielink incorporates by reference its answers to paragraph nos. 1 through 7 as if fully set forth herein.

9.  Movielink has infringed and continues to infringe the '402 patent directly, indirectly, contributorily, and/or by inducement, by making, using, offering to sell, selling and/or importing products and/or services in this District and throughout the United States including, without limitation, by providing video products and services to customers through its video on demand rental service.

**ANSWER:** Denied.

10. Movielink's infringement will continue unless enjoined by this Court.

**ANSWER:** Denied.

11. Movielink's infringement has caused and will continue to cause American substantial and irreparable injury for which American is entitled to receive injunctive relief and damages adequate to compensate it for such infringement.

**ANSWER:** Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

12. One or more claims of the '402 patent are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

13. Movielink does not and has not infringed any valid or enforceable claim of the '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

14. The doctrine of prosecution history estoppel precludes a finding of infringement of any valid or enforceable claim of the '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

15. American's claims are barred, in whole or in part, by the equitable doctrine of laches.

16. American's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### MOVIELINK'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Movielink's right to plead additional counterclaims as the facts of the matter warrant, Movielink hereby asserts the following counterclaims against American.

### THE PARTIES

1. Movielink is a limited liability company formed and existing under the laws of the state of Delaware with offices located at 2120 Colorado Avenue, 4th Floor, Santa Monica, California 90404.

2. American alleges that it is a limited liability company formed and existing under the laws of the State of Delaware with offices located at 133 East 62nd Street, New York, New York 10021.

3. American alleges that it owns all title, right, and interest in and to United States Letters Patent No. 5,400,402 (the "'402 patent").

## JURISDICTION AND VENUE

4. By filing the Complaint, American has consented to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. In view of the filing by American of this suit and Movielink's defenses, there exists an actual and justiciable controversy between the parties regarding the validity and alleged infringement by Movielink of the '402 Patent.

7. The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 2201, 2202 and 1338.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '402 PATENT)

8. Movielink incorporates by reference paragraphs 1–7 above as through fully repeated here.

9. The claims of the '402 patent are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

## SECOND CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '402 PATENT)

10. Movielink incorporates by reference paragraphs 1–7 above as though fully repeated here.

11. Each claim of the '402 patent requires the same digital data stream that transmits the video product from the central station to the user site to also include the data (hereinafter, "limiting data") establishing a limit for authorized viewing of the video product.

12. Each claim of the '402 patent requires the video product to be stored at the user site.

5

RLF1-3226072-2

13. Each claim of the '402 patent requires the limiting data to be stored at the user site.

14. Each claim of the '402 patent requires the limiting data to be decoded at the user site.

15. Each claim of the '402 patent requires the decoded limiting data to be stored at the user site.

16. Each claim of the '402 patent requires the claimed method to operate independently of the central station once the video product has been down-loaded to the user site.

17. Movielink does not and has not infringed any valid or enforceable claim of the '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

## REQUEST FOR RELIEF

Wherefore, Movielink respectfully requests that the Court grant it the following relief:

1. judgment for Movielink on all counts set forth in American's Complaint for Patent Infringement, dismissing American's claims for relief in their entirety, with prejudice and costs;

2. declaratory judgment that the claims of the '402 patent are invalid;

3. declaratory judgment that Movielink does not and has not infringed any valid or enforceable claim of the '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement;

4. a declaration that this case is exceptional;

5.  an award of costs and attorney fees to Movielink; and

6.  such other and further relief as this Court deems just and appropriate.

OF COUNSEL:

Scott W. Breedlove
Vinson & Elkins LLP
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
214-220-7700

/s/ Jeffrey L. Moyer
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
302-651-7700
*Attorneys for Defendant Movielink, LLC*

Dated: December 5, 2007

7

RLF1-3226072-2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

BY HAND DELIVERY:

Thad J. Bracegirdle
Reed Smith LLP
1201 Market Street
Wilmington, Delaware 19801

I hereby certify that on December 5, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

BY FEDERAL EXPRESS:

Mark W. Wasserman
Matthew R. Sheldon
Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia 22042

Jeffrey L. Moyer (#3309)