IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MOVIELINK, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-605-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF
MOTION TO COMPEL DISCOVERY**

Plaintiff American Patent Development Corporation, LLC ("APDC"), by its

counsel, files this opening brief in support of its Motion to Compel Discovery from

defendant Movielink, LLC ("Movielink").

**I.      INTRODUCTION.**

Movielink has failed to produce any technical manuals or other similar documents

describing the nature of the Systems that are at issue in this patent infringement case.

In December, 2007, APDC served Movielink with a request for production of

documents, including requests for technical manuals and other similar documents relating

to its Systems.

Although Movielink produced some documents responsive to other document

requests, it failed to produce any technical manuals or other similar documents.

And, when APDC recently requested Movielink to produce the requested

discovery, or at least provide an agreeable date by which it would do so, Movielink

provided an equivocal response.

The Court should order Movielink to produce the requested discovery without further delay.

**II.    BACKGROUND.**

**A.    This Case.**

This is a patent infringement case.  APDC alleges that Movielink has infringed U.S. Patent No. 5,400,402 (the "'402 patent").  The '402 patent relates generally to a type of video-on-demand system in which access to a down-loaded stored video is blocked after it has been viewed a predetermined number of times, or after a predetermined interval, or any combination thereof.  Movielink provides a video-on-demand service through its Multi-CDN System ("System") through which users download movies and other video content.

The parties agreed to a Stipulated Protective Order, which sets forth procedures through which the parties produce confidential information.  The Court entered this order on January 30, 2008.  A copy is attached as Exhibit A.

The Court's Rule 16 Scheduling Order requires all document production to be completed by May 31, 2008.  Depositions of fact witnesses must be completed by July 31, 2008.

**B.    Movielink's Prior Litigation In This Court Involving The Same Systems.**

Movielink knows how to locate and produce the technical manuals and other similar documents that relate to its Systems.

Indeed, Movielink produced comprehensive discovery ***on these very same Systems*** in a prior patent infringement case in this Court, *USA Video Technology*

*Corporation v. Movielink, LLC*, Civil Action No. 1:03-CV-00368-KAJ.  The *USA Video* case went through complete discovery, and was closed in December, 2005.

And, like the patent at issue in this case, the patent in the *USA Video* case (U.S. Patent No. 5,130,792 entitled "Store and Forward Video System") related to video-on-demand technology.

Therefore, Movielink should be able to produce basic technical information regarding its Systems rather easily -- it did so just two years ago in the *USA Video* case.

III.    **APDC'S DISCOVERY.**

On December 21, 2007, APDC served its First Request for Production of Documents, Electronically Stored Information and Things on Movielink.  A copy of Movielink's responses, which includes the requests, is attached as Exhibit B.

On January 25, 2008, Movielink produced a single CD containing 1,401 pages of documents.  These documents consisted of the file histories for Movielink's patents, this Court's opinion from the *USA Video* case, an 8-K, and a few other documents.

On January 25, 2008, APDC wrote to Movielink regarding certain of Movielink's discovery responses.  Subsequently, the parties exchanged numerous letters in attempt to resolve various disputes.  As a result of these exchanges, APDC clarified and narrowed certain of its document requests.  A copy of APDC's February 15, 2008 letter is attached as Exhibit C.

Even though APDC narrowed some of its document requests as Movielink demanded, Movielink never produced ***any*** additional documents through the end of February, 2008.  Most notably, Movielink failed to produce ***a single technical manual or***

*similar document* relating to the nature of its Systems. These Systems are the very heart of this case.

Therefore, on February 29, 2008 APDC informed Movielink that it would file a motion to compel if, by March 7, Movielink had not either: (i) produced the requested documents; or (ii) provided an agreeable date by which it would do so. A copy of this letter is attached as Exhibit D.

On March 10, Movielink provided an equivocal response, stating that it would produce documents "including" revenue information, source code and certain licenses, by March 14. A copy of this letter is attached as Exhibit E.

On that same day (March 10), APDC requested Movielink to clarify its position and advise whether it was going to produce the technical manuals and other similar documents relating to the nature of its Systems. A copy of this letter is attached as Exhibit F.

On March 11, Movielink confirmed in a telephone conference that its March 14 production was not going to include technical manuals and similar documents reflecting the nature of its Systems. Movielink claimed that it could not produce these technical documents relating to its Systems because that information was only available in electronic format, and the parties had not agreed on appropriate search terms until February 29. APDC confirmed this conversation in a letter to Movielink. *See* letter dated March 11, 2008 attached as Exhibit G.

Movielink, however, cannot use the February 29 electronic search terms as a smokescreen to justify its failure to produce technical information relating to its Systems. The agreed-upon electronic search terms are to enable Movielink to identify and locate

electronic documents that cannot be otherwise identified or located. Movielink does not need to use such formal searches or search terms to locate electronic documents such as technical manuals. Indeed, Movielink has said that these documents exist in electronic format -- it just wants to avoid producing them in a timely manner.

Moreover, Movielink produced these very same technical documents in the *USA Video* case. Therefore, it has **already** located these documents, and can easily produce them a second time in this case.

On March 11, Movielink sent another letter to APDC relating to other discovery issues, but that letter did not address the missing technical documents. A copy of this letter is attached as Exhibit H.

A.     **The Court Should Order Movielink To Produce Documents Relating To The Nature Of The Systems At Issue In This Case.**

As discussed more fully below, Movielink has not produced any technical manuals or other similar documents -- not even single piece of paper -- relating to the nature of the Systems[1] at issue in this case. The Court should order it to do so.

---

[1] In its discovery requests, APDC defined "System" and "Systems" as follows:

> The terms "System" and "Systems" shall refer to any system or method for providing a video product from a head-end facility or central station to a user site, wherein access to the video product is requested by the user electronically, the video product is delivered to the user electronically, and the user is blocked from accessing the video product (or the user's access to the video product is otherwise denied) when the limit for authorized viewing of said video product is reached, including, but not limited to, Movielink's video download service systems known as the Big-Foot system and the Multi-CDN system.

1.    ***Request No. 7***:  **Movielink should produce documents relating to the structure, architecture, operation and functionality of its Systems.**

Movielink should produce technical manuals and other similar documents reflecting the nature of the Systems that are at issue in this case.  APDC requested such information in Request No. 7:

**<u>DOCUMENT REQUEST NO. 7</u>:**

All documents reflecting, referring or relating to the structure, architecture, operation and/or functionality of Movielink's Systems including, but not limited to, parts lists, hardware schematics, computer files, source code, electronic media, notebooks, workbooks, notes, records, files, technical journals, product manuals, or invention disclosures.

The requested information is clearly discoverable.  In fact, Movielink responded, over various objections, that it "will produce" the requested documents.

Movielink, however, has failed to provide this basic information, and the Court should order it to do so.

2.    ***Request No. 12***:  **Movielink should produce the protocols executed by its software.**

In Request No. 12, APDC specifically requested information related to how Movielink's Systems work:

**<u>DOCUMENT REQUEST NO. 12</u>:**

All documents reflecting, referring or relating to protocols executed by the software used in Movielink's Systems that relates to (a) accepting customer requests to rent or purchase video content; (b) processes for fulfilling such customer requests, including delivering video content to customers; or (c) authorizing or blocking a customer's viewing of video content.

Although Movielink responded, over objections, that it would produce the requested information, it has produced nothing at all.

3.   ***Request No. 13***:   **Movielink should produce documents reflecting how data is transmitted from its central facility to users.**

One of the issues in this case is how Movielink transmits data from its central facility to users in its Systems.  APDC requested such information in Request No. 13:

**DOCUMENT REQUEST NO. 13:**

All documents reflecting, referring, or relating to how data is transmitted from the head-end/central facility to the user in Movielink's Systems.

Again, although Movielink responded, over objections, that it would produce the requested information, it has not done so.

B.   **The Court Should Order Movielink To Produce Pleadings From The *USA Video* Case.**

As discussed above, the same Movielink Systems that are at issue in this case were also at issue in the *USA Video* case, which was litigated in this Court.

APDC requested Movielink to produce the pleadings from the *USA Video* case. APDC requested those pleadings in Request No. 43:

**DOCUMENT REQUEST NO. 43**:

All pleadings, motions, briefs, declarations and other papers filed in *U.S.A. Video Corporation v. Movielink, LLC, C.A.* No. 03-368-KAJ, previously pending in the U.S. District Court for the District of Delaware.

Movielink objected to this request on the ground that the information was "equally available" to APDC, and on the ground that "the request is unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence." *See* Exhibit B.

When APDC inquired about these objections, Movielink responded by requesting APDC to narrow its request to the specific pleadings APDC believed it needed. Movielink also stated that it would not produce any pleadings that were filed under seal (as most were) unless APDC obtained "written permission from an authorized representative of USA Video . . . ." *See* letter dated February 12, 2008, attached as Exhibit I.

On February 15, APDC narrowed its request from "all" pleadings to 37 specific pleadings and certain specific expert reports. *See* letter dated February 15, 2008, attached as Exhibit C.

APDC also wrote two letters to USA Video requesting it to consent to the production of these specific pleadings. *See* letters dated March 4 and March 10, 2008, attached as Exhibits J and K. USA Video, however, did not respond to either letter.

The Court should order Movielink to produce the requested pleadings and expert reports from the *USA Video* case for numerous reasons.

*First*, the information is highly relevant because the same Systems at issue in this case were at issue in the *USA Video* case.

*Second*, at Movielink's request, APDC narrowed its discovery request from "all" pleadings to 37 specific pleadings. *See* letter dated February 15, 2005, attached as Exhibit C.

*Third*, even though many of these pleadings were filed under seal, the technology at issue was Movielink's -- not USA Video's. Therefore, USA Video -- which, to date,

has asserted no objection to such disclosures -- can hardly "object" to the disclosure of Movielink's technology.

*Fourth*, even if USA Video has confidentiality concerns about releasing the requested information, those concerns can be protected by producing the information pursuant to the Stipulated Protective Order governing disclosures in this case.

*Fifth*, USA Video waived any concerns it may have had by failing to respond to APDC's two letters.

**IV.     CONCLUSION.**

The Court should order Movielink to produce all information APDC requested in Request Nos. 7, 12 and 13, including all technical manuals and other similar technical information relating to its Systems.  The Court should also order Movielink to produce, pursuant to Request No. 43 and in accordance with the Stipulated Protective Order, the 37 specific pleadings and expert reports from the *USA Video* case.  The Court should also order Movielink to pay APDC's costs, including reasonable attorney's fees, of bringing this matter before the Court.

Dated: March 14, 2008

REED SMITH LLP

By:    */s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (Del. No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware  19801
(302) 778-7500 (Telephone)
(302) 778-7575 (Fax)
E-mail:  tbracegirdle@reedsmith.com

Mark W. Wasserman (*admitted pro hac vice*)
Matthew R. Sheldon (*admitted pro hac vice*)
Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia  22042
(703) 641-4200 (Telephone)
(703) 641-4340 (Fax)
E-mail:  mwasserman@reedsmith.com
         msheldon@reedsmith.com
Counsel for Plaintiff, American Patent
Development Corporation, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,** )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MOVIELINK, LLC,** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-605-JJF |

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008, copies of the foregoing *Plaintiff's*

***Opening Brief in Support of Motion to Compel Discovery*** were served upon the

following counsel of record in the manner indicated:

BY HAND DELIVERY AND CM/ECF:

Jeffrey L. Moyer, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware  19899

BY FIRST CLASS MAIL AND CM/ECF:

Scott W. Breedlove, Esq.
Vinson & Elkins LLP
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

REED SMITH LLP

By:     */s/ Thad J. Bracegirdle*
     Thad J. Bracegirdle (Del. No. 3691)
     1201 Market Street, Suite 1500
     Wilmington, Delaware  19801
     (302) 778-7500
     E-mail:  tbracegirdle@reedsmith.com


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



AMERICAN PATENT DEVELOPMENT
CORPORATION, LLC,

      Plaintiff,

      v.

MOVIELINK, LLC,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 07-605-JJF

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed to by and between the undersigned counsel for all Parties to this action as follows:

    1.    <u>Definition of "Confidential Information."</u>  "Confidential Information," which may be designated as provided in paragraph 5 below, is defined as follows:  trade secrets, product designs, manufacturing processes, non-public business or financial information (e.g., customer and/or supplier lists, sales and profits information, sales projections), confidential research, development and commercial information, testing and test results, and confidential or private personal information.

    2.    <u>Use Limitations.</u>  All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business, competitive, governmental, research, development, or other purpose whatsoever. '

    2.1    <u>Limitations on Disclosure of Confidential Information.</u>  Confidential Information shall not be given, shown, or made available or communicated in any way to anyone

- 1 -

**EXHIBIT**

tabbies®

**A**



except persons specified in paragraph 6 below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph.

2.2    Advice to Client Based on Confidential Information.

Notwithstanding the foregoing, nothing in this Protective Order shall bar or otherwise restrict any litigation attorney herein from rendering litigation advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of designated information; provided, however, that in rendering such advice and in otherwise communicating with his/her client, the attorney shall not disclose the contents or the source of any designated information which the client is not otherwise authorized to receive.

3.    Scope of Protection/Disclosure of Confidential Information in Other Proceedings.  This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order.

3.1    If any party to another legal proceeding, or a court or an administrative agency, through discovery, subpoenas, orders or demands production of Confidential Information, the party receiving such demand for Confidential Information shall promptly, and before producing Confidential Information to such other party, court, or administrative agency, notify (1) The requesting party, court, or administrative agency of this Protective Order; and (2) The party whose Confidential Information is being sought.



    3.1.1    The party whose Confidential Information is being sought shall have the obligation of defending against such subpoena, order or demand, and the person or party receiving the subpoena, order or demand shall be entitled to comply with it except to the extent the producing party is successful in obtaining an order modifying or quashing the subpoena, order or demand.

    4.    <u>Confidential Information Produced by Third Parties</u>.  This Protective Order shall apply to the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order.  Accordingly, as used herein, the term "person" includes both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Protective Order.  If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce Confidential or Attorneys' Eyes Only information, such third party may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it.  No further order of this Court shall be necessary to extend the protections of this Order to third parties.

    5.    <u>Designation of Confidential Information</u>.  Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in paragraph 1.

    5.1    <u>Designated "Confidential – Attorneys' Eyes Only."</u>  A party that in good faith believes any particular Confidential Information is sufficiently sensitive or of a nature that its disclosure would unfairly or unnecessarily reveal competitive information to an individual plaintiff or defendant, or to a director, officer, or employee thereof, may designate that Confidential Information as "Confidential – Attorneys' Eyes Only."  Information which is



designated "Confidential − Attorneys' Eyes Only" shall be used by the parties to this action solely

for the purposes set forth in paragraph 2 above, and disclosed only to persons specified in

paragraphs 6.1 .1 and 6.1.3 through 6.1.6 below.

      5.2   <u>Designation of Documents</u>. Documents may be designated as

Confidential Information by stamping "Confidential" or "Confidential − Attorneys' Eyes Only" on

each page prior to production.

      5.3   <u>Designation of Deposition Testimony</u>. Deposition testimony may be

designated, in whole or in part, as Confidential Information by oral designation on the record, in

which case the person making the designation shall instruct the Court Reporter to bind the

"Confidential" and "Confidential − Attorneys' Eyes Only" portions of the deposition transcript

separately and to stamp the words "Confidential" or "Confidential − Attorneys' Eyes Only," as

appropriate, on each transcript page so designated.

      5.4   <u>Subsequent Designations</u>. Documents, deposition transcripts, and

other information may be designated as "Confidential" or "Confidential − Attorneys' Eyes Only"

pursuant to 5.3 above, after they have been produced without having been so designated only

under the following conditions:

      5.4.1   Persons to whom such documents, testimony, or other

information, have been disclosed must be advised in writing, with affirmative acknowledgment of

receipt in writing, of the new designation;

      5.4.2   The new designation applies only as of the date and time of

receipt of notice by each person notified;



5.4.3    Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in paragraph 5.4.1;

5.4.4    Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation;

5.4.5    Subsequent confidentiality designations of deposition testimony not designated during the course of the deposition testimony shall be made within the time specified for review and signing of the transcript; and

5.4.6    Any inadvertent disclosure of unmarked Confidential Information shall not preclude the disclosing party from later claiming a right to confidentiality with respect to the inadvertently disclosed and subsequently designated Confidential Information.

6.    <u>Persons to Whom Confidential Information May be Disclosed.</u>

6.1    <u>"Confidential" Information.</u>  Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

6.1.1    Outside counsel for the parties in this action, one in-house counsel who is assisting outside counsel, and clerical, paralegal, and other staff employed by such counsel, in addition to any independent experts or independent consultants who are assisting counsel in the prosecution or defense of this action;

6.1.2    Such officers, directors, or employees of the parties, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no other purpose; provided, however, that before access is given, each such officer, director, or employee shall have agreed in writing to be bound by this Protective Order by signing

the form attached hereto as Exhibit A and advised that the violation of the terms of this Protective

Order (by use of the Confidential Information for business purposes or in any other impermissible

manner) may constitute contempt of Court.

> 6.1.3    The Court and court personnel;

> 6.1.4    Any other Person as to whom the producing Person agrees in

writing;

> 6.1.5    Witnesses at deposition or trial qualified under paragraphs

6.4.1 and 6.4.2; and

> 6.1.6    Court reporters employed in connection with this action.

> 6.2    "Confidential − Attorneys' Eyes Only" Information.  Except as

otherwise provided by this Protective Order, information designated as "Confidential − Attorneys'

Eyes Only" shall be disclosed only to Persons described in paragraph 6.1.1 and 6.1.3 through 6.1.6

above who have been ordered or agreed to be bound by this Protective Order.  An agreement to be

bound may be satisfied by signing the form attached as Exhibit A upon reasonable demand of the

disclosing party.  However, no person shall be permitted to see "Confidential − Attorneys' Eyes

Only" information who is involved in the drafting or prosecution of patent applications which are

directed to methods or systems for delivering video-on-demand.

> 6.3    Disclosure of Confidential Transcripts to the Deponent.  Deposition

transcripts containing Confidential Information may be shown to the deponent for the purpose of

correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound

by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

> 6.4    Limited Exceptions:



6.4.1    <u>Persons Previously Having Access to Confidential Information</u>.  A producing party's Confidential Information to which a present or former employee, consultant or agent has had access during the period of his employment or association with the producing party may be disclosed to that present or former employee, consultant or agent.

6.4.2    <u>Authors/Addressees</u>.  This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies.

6.4.3    <u>Witnesses</u>.  If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

6.4.4    <u>Certain Information Not Subject to Scope of Order</u>.  The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

7.    <u>Resolution of Disputes</u>.  Whenever a party objects to the treatment of a document or transcript as "Confidential" or "Confidential – Attorneys' Eyes Only," as defined in paragraphs 1 and 5 herein, it shall, in writing·or on the record in any proceeding herein, so inform the party seeking "Confidential" treatment.  The failure of a party to object in a timely manner shall not constitute a waiver.  The party opposing such treatment may thereafter apply to the

- 7 -



Court by motion for a ruling that the document or transcript shall not be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner described in paragraphs 1 and 6 herein. Such motion shall be made within a reasonable period of time after notice of the objection to a "Confidential" designation is given. Upon such application, the party asserting confidentiality bears the burden to establish same. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential – Attorneys' Eyes Only" treatment described in paragraphs 1 and 6 herein.

8.    <u>Disposition of Confidential Information Following Conclusion of Litigation</u>. At the conclusion of this litigation (i.e., upon its final dismissal), all copies of all documents or transcripts designated "Confidential" or "Confidential – Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person producing same. In addition, all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential – Attorneys' Eyes Only" documents or transcripts, and all copies thereof, shall be either destroyed or returned to the party furnishing the same.

8.1    Notwithstanding any of the foregoing, a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits following conclusion of this litigation.

9.    <u>Continuing Obligation, Retention of Jurisdiction</u>. This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

10.    <u>Expert Reports</u>. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition,

all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless they contain (1) data or information relied upon by the expert in forming his opinion(s), or (2) data or information relevant to his opinion(s) that he considered and determined not to rely upon in forming his opinion(s). By way of example only, communications or materials which contain counsel's opinions or mental impressions are exempt from discovery, but data or information communicated by counsel to the expert which is considered or relied upon by the expert in forming his opinion(s) is not exempt from discovery. Communications and/or materials which contain both exempt and non-exempt information may be produced in redacted form so as to disclose only non-exempt information. The expert must produce (1) his final report, and (2) all communications/materials to the extent they contain non-exempt information.



SO ORDERED:

Dated: _January 30, 2008_

The Honorable Joseph J. Farnan Jr.
United States District Judge

IT IS SO STIPULATED:

RICHARDS, LAYTON & FINGER, P.A.

Dated: January 25, 2008                By:___/s/ Jeffrey L. Moyer_____
                                           Jeffrey L. Moyer (Del. No. 3309)
                                           One Rodney Square
                                           Wilmington, Delaware  19899
                                            (Telephone) (302) 651-7700
                                            (Fax) (302) 498-7525
                                            E-mail:
                                            Counsel for Movielink, LLC

REED SMITH LLP

Dated: January 25, 2008                By:___/s/ Thad J. Bracegirdle_____
                                           Thad J. Bracegirdle (Del. No. 3691)
                                           1201 Market Street
                                           Suite 1500
                                           Wilmington, Delaware  19801
                                           (302) 778-7500 (Telephone)
                                           (302) 778-7575 (Fax)
                                           E-mail: tbracegirdle@reedsmith.com
                                           Counsel for American Patent Development
                                              Corporation, LLC



**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MOVIELINK, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-605-JJF <br> ) <br> ) <br> ) <br> ) <br> ) |

**ACKNOWLEDGEMENT OF PROTECTIVE
ORDER AND AGREEMENT TO BE BOUND**

_____states as follows:

1.    That s/he resides at _____ in the city and

county of_____, and state of _____;

2.    That s/he has read and understands the Protective Order dated ____, entered in the

above-captioned litigation;

3.    That s/he

      a.    is engaged as a consultant or expert, or

      b.    has been interviewed by _____ on behalf of __

_____ in connection with the preparation and conduct of the litigation; or

      c.    is an employee, consultant, shareholder, or member of a party hereto, ____

_____, in the capacity of _____; or

      d.    _____;

- 11 -



4.     That s/he agrees to comply with and be bound by the provisions of the Protective Order;

5.     That counsel who has retained, consulted with, and/or interviewed her/him has explained the terms thereof;

6.     That s/he will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for purposes of this litigation, any confidential document or information as defined by the Protective Order, except as provided therein; and

7.     That s/he understands that disclosure of confidential information in violation of the Protective Order may constitute contempt of court.

_____

[Name of individual to whom disclosure will be made]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.07 -605 JJF |
| MOVIELINK LLC, | § § § | |
| Defendant. | § § | |

### MOVIELINK,L LC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS (NOS. 1-44)

Defendant Movielink, LLC ("Movielink" or "Defendant") hereby responds and objects to Plaintiff's First Set of Requests for Production of Documents, Electronically Stored Information, and Things (Nos. 1-44).

### PRELIMINARY STATEMENT

Because discovery in this matter is ongoing, Movielink has not yet concluded its investigation and discovery in this case, but has conducted a diligent and good faith search for responsive information and documents. Accordingly, these responses and objections to Plaintiff's requests are based upon information currently known to Movielink, and are set forth without prejudice toi ts right toa ssert additional responses or objections shouldM ovielink discover additional documents, information, or grounds for further responses or objections. Movielink reserves the right to rely on any facts, documents, or other evidence and to supplement these responses accordingly.

-1-


EXHIBIT
B

## GENERAL OBJECTIONS

1.   Movielink objects to the requests to the extent they seek to impose obligations upon Movielink not required by the Federal Rules of Civil Procedure.

2.   Movielink objects to the requests to the extent they are not reasonably calculated to lead to the discovery of admissible evidence and to the extent they seek information that is not relevant to the subjectm atter of the pending action.

3.   Movielink objects to the requests to the extent they seeki nformation subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

4.   Movielink objects to the requestst o the extent they seek confidential financial and/or proprietary information.  Movielink will disclose such information only upon the entry of an agreed confidentiality order.

5.   Movielink objects to the requests to the extent they seek information in which third parties, including Movielink customers and suppliers, may have a legitimate expectation or right to privacy or confidentiality pursuant to constitutional authority, statute, common law or contractual rights.

6.   Movielink objects to the requests to the extent they seek information that is equally available to Plaintiff.

7.   Movielink objects to the definition of "Systems" as it would render the interrogatories overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

8.   Each of the foregoing general objections is expressly incorporated into each response to each request as if fully set forth therein.

Anyr esponse that Movielink will produce documents shouldn ot be construeda s a representation that such documents exist, but rather as an agreement to provide such documents to the extent that they might exist and are within Movielink's possession, custody, or control and able to be located through reasonably diligent search efforts.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All documents Movielink referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

### RESPONSE:

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome andt ot he extent the requesteddo cuments are as accessible to Plaintiff as to Movielink. Movielink objects to this request to the extent that it seeks information that is protected by the attorney-client privilege and work-product doctrine. Movielink objects to this request to the extent it seeks confidential financial and/or proprietary information. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents responsive to this request, othert han the '402 patent and related prosecution history, which Plaintiff should already have.

### REQUEST FOR PRODUCTION NO. 2:

All of Movielink's communications with any other person relating to the '402 patent.

### RESPONSE:

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request to the extent that it seeks information that is protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents, if any, responsive to this request.

### REQUEST FOR PRODUCTION NO. 3:

All of Movielink's communications with any other person relating to this action.

### RESPONSE:

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and fails to identify a requested category of documents with reasonable particularity. Movielink objects to this request to the extent that it seeks information that is protected by the attorney-client privilege and work-productd octrine.

**REQUEST FOR PRODUCTION NO. 4:**

All internal communications at Movielink relating to this action.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and fails to identify a requested category of documents with reasonable particularity. Movielink objects to this request to the extent that it seeks confidential and/or proprietary business information. Movielink objects to this request to the extent that it seeks information that is protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

All internal communications at Movielink relating to the '402 patent.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request to the extent that it seeks confidential and/or proprietary business information. Movielink objects to this request to the extent that it seeks informationt hat is protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reflecting, referring or relating to the process ofd esigning, developing and/or engineering Movielink's Systems, including, butn ot limited to, hardware design documents and software design documents.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/orp roprietary business information. Movielink objects to this request on the ground that it fails to identify documents with sufficient specificity. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce non-privileged documents responsive to this request sufficient to reflect the process of designing the Multi-CDN and license-delivery systems.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting, referring or relating to the structure, architecture, operation and/or functionality of Movielink's Systems including, but not limited to, parts lists, hardware schematics, computer files, source code, electronic media, notebooks, workbooks, notes, records, files, technical journals, product manuals, or invention disclosures.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/or proprietary business information. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce non-privileged documents responsive to this request sufficient to reflect the basic structure, architecture, operation and functionality of the Multi-CDN and license-delivery systems.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting, referring or relating to any third-party software used in connection with Movielink's Systems including, but not limited to, any operating system(s) incorporated into such Systems.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/or proprietary business information and to the extent the request seeks documents subject to confidentiality agreements with third parties. Movielink furthero bjects on the grounds that the requestf ails to identify documents with sufficient specificity, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink incorporates its response to Request for Production No. 11,b elow.

**REQUEST FOR PRODUCTION NO. 9:**

All patent applications, continuation applications, continuation-in-part applications, divisionals, or foreign counterparts, whether abandoned, rejected, granted, or still being prosecuted by Movielink oro n its behalf relating, in whole ori n part, to Movielink's Systems, togetherw ith all papers filed in connection with thep rosecution of such applications, including, but not limited to, the applications that matured into U.S. Patent Nos. 7,200,658; 7,155,415 and 7,024,466.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request on the ground that it seeks confidential and/or proprietary business information. Movielink objects to this request to the extent that it seeks information that is protected by the attorney-client privilege and work-product doctrine. Movielink objects to this request on the grounds that it is notr easonably calculated to lead to the discovery of admissible evidence and its eeks information thati s not relevant. Movielink objects to this request to the extent it seeks documents equally available to Plaintiff. Subject to and without waiving these specific objections or the generalo bjections stated above, Movielink will produce relevant, non-privileged documents responsive to this request in connection with U.S. patent applications related to the Multi-CDN or license-delivery systems.



## REQUEST FOR PRODUCTION NO. 10:

All software used in connection with the Movelink's Systems.

### RESPONSE:

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/or proprietary business information and to the extent the request seeks documents subject to confidentiality agreements with third parties. Movielink furthero bjects on the grounds that the requestf ails to identify documents with sufficient specificity, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink incorporates its response to Request for Production No. 11,b elow.

## REQUEST FOR PRODUCTION NO. 11:

All source code for the software requested on Document Request No. 10, above.

### RESPONSE:

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/or proprietary business information and to the extent the request seeks documents subject to confidentiality agreements with third parties. Movielink furthero bjects on the grounds that the requestf ails to identify documents with sufficient specificity, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink requests that APDC provide additional specificity as to the documents requested.

## REQUEST FOR PRODUCTION NO. 12:

All documents reflecting, referring or relating to protocols executed by the software used in Movielink's Systems that relates to (a) accepting customer requests to rent or purchase video content; (b)p rocesses for fulfilling such customerr equests, including delivering video content to customers; or (c) authorizing or blocking a customer's viewing of video content.

### RESPONSE:

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request on the ground that it seeks confidential and/or proprietary business information. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery ofa dmissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce non-privileged documents responsive to this request sufficient to reflect such protocols, if any, related to the Multi-CDN or license-delivery systems.

**REQUEST FOR PRODUCTION NO. 13:**

All documents reflecting, referring, or relating to how data is transmittedf rom the head-end/central facility to the user in Movielink's Systems.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/orp roprietary business information. Movielink objects to this request on the ground that it fails to identify documents with sufficient specificity. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce non-privileged documents responsive to this request sufficient to reflect the referenced method of data transmission related to the Multi-CDN or license-delivery systems.

**REQUEST FOR PRODUCTION NO. 14:**

All document reflecting, referring or relating to the geographic regionso f the United States where Movielink has operated its Systems, and the specific Systems thatM ovielink's customers used in each such region, during the period from January 1, 2001 to the present.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it seeks confidential financial and/or proprietary business information. Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery ofa dmissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink states that use of the Multi-CDN and license-delivery systems has not been restricted to any geographic regions of the United States.

**REQUEST FOR PRODUCTION NO. 15:**

An organizational chart, or similar document, identifying the names, job titles, and duties of each person having or at any time having had responsibility for the design, development and/or engineering of Movielink's Systems.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this requesto n the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents responsive to this request that relate to the Multi-CDN or license-delivery systems.

**REQUEST FOR PRODUCTION NO. 16:**

All prior art relating to the '402 patent.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, and fails to identify the requested category of documents with reasonable particularity. Movielink objects to this request to the extent it seeks information that is equally accessible to Plaintiff. Movielink objects to this request to the extent it seeks information protected by the attorney-client privilege or work-productd octrine. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents responsive to thisr equest of which it is currently aware, other than the prior art listed and/or discussed in the '402 patent or its prosecution history, of which Plaintiff should already have copies.

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting, referring or relating to any study or search of prior art that relates to the inventions claimed in the '402 patent, including, but not limited to, any study ors earch to determine the patentability of such inventions, the validity or the enforceability of any of the claims of the '402 patent, or the enforceable scope of any claim of the '402 patent.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential and/orp roprietary business information. Movielink objects to this request on the ground that it seeks information that is protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving these specific objections or the general objections stated above, Movielink will search appropriate files dated earlier than the filing oft his action and produce relevant, non-privileged documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All opinions of counsel relating to any claim(s) of the '402 patent.

**RESPONSE:**

Movielink objects to this request to the extent that it prematurely requests Movielink to disclose whether it obtained and whether it will rely on any opinion of counsel. Movielink objects to this request on that ground that it seeks information that is protected by the attorney-clientp rivilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting, referring or relating to the validity, invalidity, enforceabilityo r unenforceability of any claim(s) of the '402 patent.



**RESPONSE:**

Movielink incorporates its responses to Requests for Production Nos. 16-18, above.

**REQUEST FOR PRODUCTION NO. 20:**

All business plans, marketing plans, market projections, five-year plans, investment prospectuses or the like reflecting, referring or relating, in whole or in part, to Movielink's Systems.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Movielink objects to this requesto n the ground that it seeks confidential financial and/or proprietary business information. Movielink objects to this request on the ground that the request fails to identify documents with sufficient specificity. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objectionss tated above, Movielink will produce non-privileged documents responsive to this request that relate to the Multi-CDN or license-delivery systems.

**REQUEST FOR PRODUCTION NO. 21:**

All financial statements of Movielink from January 1, 2001 through the present.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request on the ground that it seeks confidential financial and/or proprietary business information. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents, if any, responsive to this request to the extent they relate toa nnual summaries since the formation of the company.

**REQUEST FOR PRODUCTION NO. 22:**

All documents reflecting, referring or relating to Movielink's marketing of its Systems.

**RESPONSE:**

Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and fails to identify the requested category of documents with reasonable particularity. Movielink objects to this request on the ground that it seeks confidential and/or proprietary business information. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery ofa dmissible evidence and it seeks information that is not relevant.

**REQUEST FOR PRODUCTION NO. 23:**

All documents reflecting, referring or relating to Movielink's advertising of its Systems.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and fails to identify the requested category of documents with reasonable particularity, and to the extent the advertising documents requested are as accessible to Plaintiff as to Movielink. Movielink further objects to this request on the ground that it seeks confidential and/or proprietary business information, it is not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is not relevant.

**REQUEST FOR PRODUCTION NO. 24:**

All documents reflecting, referring or relating to what Movielink contends a reasonable royalty should be in this action.

**RESPONSE:**

Movielink objects to this request on the grounds that it is premature and fails to identify the requested category of documents with reasonable particularity. Movielink objects to this request on the ground that it seeks information protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce documents related to Movielink's contentions regarding a reasonable royalty in accordance with the scheduling order and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 25:**

All intellectual property licenses including, but not limited to, patent, trademark, copyright and/or trade secret licenses, relating, in whole or in part, to Movielink's Systems.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information that is not relevant. Movielink further objects to the extent the request seeks documents subject to confidentiality agreements with third parties. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce relevant, non-privileged documents responsive to this request that relate to patent licenses, if any, that are associated with the Multi-CDN or license-delivery systems and are not restricted by confidentiality agreements with third parties.

**REQUEST FOR PRODUCTION NO. 26:**

All documents reflecting the amount of revenue Movielink received in connection with its Systems from January 1, 2001 to the present related to:

-10-

    (i)    rental of video content (Movielink's Video-on-Demand, or VOD, service);

    (ii)    sale of video content (Movielink's Electronic Sell-Through, or EST, service); and

    (iii)    any other activity.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome and to the extent it seeks documents and information as accessible to Plaintiff as to Movielink. Movielink further objectst o thisr equest on the ground that it seeks confidential financial and/or proprietary business information, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant. Subject to and without waiving these specific objections or the generalo bjections stated above, Movielink will produce non-privileged documents, if any, responsive to this request that relate to annual statements of revenue received in connection with the rental or sale of video content distributed using the Multi-CDN or license-delivery systems.

**REQUEST FOR PRODUCTION NO. 27:**

All documents reflecting the amount of gross and/or net profit to Movielink earned in connection with its Systems from January 1, 2007 to the present related to:

    (i)    rental of video content (Movielink's Video-on-Demand, or VOD, service);

    (ii)    sale of video content (Movielink's Electronic Sell-Through, or EST, service); and

    (iii)    any other activity.

**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request on the ground that it seeks confidential financial and/or proprietary business information. Movielink objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information that is not relevant. Subject to and without waiving these specific objections or the general objections stated above, Movielink will produce non-privileged documents, if any, responsive to this request that relate to annual statements of profit earned in connection with the rental or sale of video content distributed using the Multi-CDN or license-delivery systems.

**REQUEST FOR PRODUCTION NO. 28:**

All claim charts summarizing or explaining how Movielink's Systems infringe, or don ot infringe,a ny claim(s) of the '402 patent.

**RESPONSE:**

Movielink objects to this request on the ground that it seeks information protected by the attorney-client privilege and/or work-productd octrine.



**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting, referring or relating to the level ofo rdinary skill in the art for the inventions claims in the '402 patent.

**RESPONSE:**

Movielink objects to this request on the ground that it seeks information protected by the attorney-client privilege and/or work-product doctrine. Movielink further objects to this request to the extenti ts eeks documents at leasta s easily accessible to Plaintiff as to Movielink.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reflecting, referring or relating to any special or uncommon meaning of claim terms in the '402 patent.

**RESPONSE:**

Movielink objects to this request on the ground that it seeks information protected by the attorney-client privilege and/or work-product doctrine. Movielink also objects to this request to the extent its eeks documents at least as easily accessible to Plaintiff as to Movielink. Movielink further objects to this request on the ground that it prematurely seeks information that will be disclosed pursuant to the Court's scheduling order.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting, referring or relatingt o Movielink's proposed construction of the claims of the '402 patent.

**RESPONSE:**

Movielink incorporates its response to Request for Production No. 30, above.

**REQUEST FOR PRODUCTION NO. 32:**

The reports of all expert witnesses who Movielink expects to testify (whether in person, orb y declaration, oro therwise) at any motion, hearing or trial in this action, and a curriculum vitae for each such expertw itness.

**RESPONSE:**

Movielink objects to this request on the ground that it seeks information protected by the attorney-client privilege and work-product doctrine, and requests a premature identification and disclosure of expert witnesses and testimony. Subject to and without waiving these specific objections and the general objections stated above, Movielink will disclose the requested information only to the extent required by the Court's scheduling order and the Federal Rules of Civil Procedure.



**REQUEST FOR PRODUCTION NO. 33:**

All documents and things provided to and/or reviewed by any expert who is expected to testify (whether in person, by declaration, or otherwise) at any motion, hearing or trial in this action.

**RESPONSE:**

    Movielink incorporates its response to Request for Production No. 32, above.

**REQUEST FOR PRODUCTION NO. 34:**

All documents reflecting, referring or relating to Movielink's document retention policies and practices.

**RESPONSE:**

    Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving this specific objection or the general objections stated above, Movielink will produce non-privileged documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All agreements between Movielink and providers of video content used in connection with Movielink's Systems from January 1, 2001 through the present.

**RESPONSE:**

    Movielink objects to this requesto n the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Movielink further objects to this request on the grounds that it seeks highly confidential and/or proprietary business information and trade secrets with no relevance to the issues in this case.

**REQUEST FOR PRODUCTION NO. 36:**

All documents reflecting, referring or relating to Movielink's defense in paragraph 12 of its answer that one orm ore of the claims of the '402 patent are invalid for failure to meet one or more provisions of the United States patent laws 35 U.S.C. § 101 *et seq.*, including but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**RESPONSE:**

    Movielink objects to this request to the extent it seeks documents at least as easily accessible to Plaintiff as to Movielink. Subject to and without waiving these specific objections and general objections stated above, Movielink will produce responsive, non-privileged documents other than the '402 patent and its prosecution history and cited references, which Plaintiff should already have.



## REQUEST FOR PRODUCTION NO. 37:

All documents reflecting, referring or relating to the defense in paragraph 13 of M ovielink's answer that M ovielink does not a nd has not i nfringed any valid or enforceable claim of the '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

## RESPONSE:

Movielink objects to this request to the extent it seeks documents at least as easily accessible to Plaintiff as to Movielink. Subject to and without waiving these specific objections and general objections stated above, Movielink will produce responsive, non-privileged documents other than the '402 patent and its prosecution history, which Plaintiff should already have.

## REQUEST FOR PRODUCTION NO. 38:

All documents reflecting, referring or relating to the defense in paragraph 14 of M ovielink's answer that the doctrine of prosecution history estoppel precludes a finding of infringement of any valid or enforceable claim of the '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

## RESPONSE:

Movielink objects to this request to the extent it seeks documents at least as easily accessible to Plaintiff as to Movielink. Subject to and without waiving these specific objections and general objections stated above, Movielink will produce responsive, non-privileged documents other than the '402 patent and its prosecution history, which Plaintiff should already have.

## REQUEST FOR PRODUCTION NO. 39:

All documents reflecting, referring or relating to the defense in paragraph 15 of M ovielink's answer that American's claims are barred, in whole or in part, by the equitable doctrine of laches.

## RESPONSE:

Subject to and w ithout waiving the general objections stated a bove, Movielink will produce responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 40:

All documents reflecting, referring or relating to the defense in paragraph 16 of M ovielink's answer that American's claims are barred, in whole or in part, by the equitable doctrine of estoppel.



**RESPONSE:**

Movielink objects to this request to the extent it seeks documents at least as easily accessible to Plaintiff as to Movielink. Subject to and without waiving these specific objections and general objections stated above, Movielink will produce responsive, non-privileged documents other than the '402 patent prosecution history, which Plaintiff should already have.

**REQUEST FOR PRODUCTION NO. 41:**

All documents reflecting, referring or relating to paragraphs 8 and 9 of Movielink's counterclaims alleging that the claims of the '402 patent are invalid for failure to meet one or more provisions oft he United States patent laws, 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**RESPONSE:**

Movielink incorporates its response to Request for Production No. 36, above.

**REQUEST FOR PRODUCTION NO. 42:**

All documents reflecting, referring or relating to paragraph 17 of Movielink's counterclaims alleging that Movielink does not and has not infringed any valid or enforceable claim oft he '402 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

**RESPONSE:**

Movielink incorporates its response to Request for Production No. 37, above.

**REQUEST FOR PRODUCTION NO. 43:**

All pleadings, motions, briefs, declarations and other papers filed in *U.S.A. Video Corporation v. Movielink, LLC*, C.A. No. 03-368-KAJ, previously pending in the U.S. District Court for the District of Delaware.

**RESPONSE:**

Movielink objects to this request on the grounds that the information is equally available to Plaintiff and the request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 44:**

All documents reflecting, referring or relating to Movielink's acquisition by Blockbuster Inc. in approximately August, 2007.



**RESPONSE:**

Movielink objects to this request on the grounds that it is overbroad and unduly burdensome. Movielink objects to this request on the ground that it seeks confidential financial and/or proprietary business information. Movielink objects to this request to the extent that it seeks information protected by the attorney-clientp rivilege or work-product doctrine. Subjectt o these specific objections and the general objections stated above, Movielink will produce responsive, non-privileged documents in accordance with Movielink's responses and agreements related to Requests for Production Nos. 1-43, above.

Respectfully submitted,

/s/ Scott W. Breedlove
Jeffrey L. Moyer
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O . Box 551
Wilmington, DE  19899
Phone:  302.651.7700
Fax:  302.498.7651
Email:m oyer@rlf.com

Scott W.B reedlove
Alyson Gregory
David Tobin
VINSON AND ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel: 214.220.7700
Fax: 214.220-7716
Email: sbreedlove@velaw.com
Email: agregory@velaw.com
Email: dtobin@velaw.com

**Attorneys for Movielink LLC**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing documentw as served on attorney for the Plaintiff by e-mail and U.S. mail on the 23rd day of January, 2008, at the following address:

Thad J. Bracegirdle
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

/s/ Scott W. Breedlove

1350658

-17-

# ReedSmith

**Mark W. Wasserman**
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

February 15, 2008

**BY ELECTRONIC MAIL**

Scott W. Breedlove, Esq.
Vinson & Elkins
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, Texas 75201-2975



**EXHIBIT**

C

Re:    *American Patent Development Corporation, LLC v. Movielink, LLC,* In the United States
        District Court for the District of Delaware, Civil Action No. 07-605-JJF

Dear Scott:

I write in response to your February 4 and 12, 2008 letters regarding Movielink's responses to American's request for production of documents. As you already know, American regards Movielink's responses to be deficient in numerous material respects.

Preliminarily, please let me know when Movielink will be producing any of the documents and other information that American requested in December. To date, Movielink has produced very little information other than the prosecution histories of its own patents.

As far as Movielink's "Big-Foot" system is concerned, assuming it is true that Movielink retired its Big-Foot system years ago, American presently has little information about it (and Movielink certainly has not provided any at all). If Movielink will provide enough information to enable American to determine the basic architecture and functionality of that system, American will review that information and advise Movielink whether it requires additional information. American, however, makes this proposal without waiving its right to seek further discovery regarding Big-Foot or any other System that Movielink has used in the past.

**Nos. 3 and 4**

Movielink should revise its responses to these requests to conform with the statements you make in your February 4 letter.

**Nos. 8, 10 and 11**

Movielink's complaint that these requests are overbroad, etc. seems to be based on American's request for "all" information described "in connection with" Movielink's Systems. If this is the case, Movielink's concerns are unfounded. Although American seeks complete discovery of Movielink's Systems, American does not, by using the term "in connection with," seek software, source code, or other information peripheral to Movielink's Systems. Instead, American is seeking software and source code related to the functionality of Movielink's Systems, including, without limitation, Movielink

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ BEIJING ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

FRXLIB-521334.1-MWWASSER 2/15/08 4:57 PM

Scott W. Breedlove, Esq.
February 15, 2008
Page 2

**ReedSmith**

Manager (including those components of Movielink Manager that interface with Windows Media Player or other third-party software programs), the license software which permits a customer to view a downloaded movie, and software at the Movielink server(s) that facilitates the process of downloading a movie and/or use license. Of course, American reserves the right to request additional information under these requests based on Movielink's production. I trust this clarifies American's requests.

**No. 19**

American is entitled to know whether Movielink will be producing the requested documents. I cannot tell from the response, and your letter does not help. Please clarify.

**No. 25**

It is good to know that Movielink will search for patent licenses, but that is only a part of what American requested. The request seeks "intellectual property licenses including, but not limited to, trademark, copyright and/or trade secret licenses . . . ." Kindly address all of these specific requests and have Movielink amend its response accordingly.

**No. 35**

The requested documents are clearly discoverable. Movielink's agreements with content providers are hardly of "tangential relevance to the case" as you claim. In addition, "sensitivity" and "confidentiality," at least as far as Movielink is concerned, are not a proper basis for withholding the requested documents from production.

To expedite the resolution of this dispute, please advise me whether Movielink has contacted the content providers to determine if they will consent to producing the requested documents (subject to the stipulated protective order in this case), and what their responses have been.

**No. 43**

As you know from my January 25 letter, American believes it is entitled to all information sought in request no. 43.

Without waiving American's right to seek all information sought in request no. 43, I have considered your proposal that American select certain pleadings from the docket sheet in the *USA Video v. Movielink* case. Please have Movielink produce the following pleadings (including any attachments) from the *USA Video v. Movielink* docket sheet:

> 1, 6, 10, 15, 49, 70, 78, 126, 131, 132, 133, 134, 135, 136, 137, 138, 139, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 158, 159, 165, 167, 168

In addition, American requests that Movielink produce the following documents from the *USA Video v. Movielink* case (even if these are not included among the above pleadings):

- Expert Report(s) of William H. Beckman;
- Expert Report(s) of Richard T. Mihran, Ph.D.;
- Expert Report(s) of Joseph A. Konstan, Ph.D; and
- Interrogatories to Movielink and Movielink's answers thereto.

Scott W. Breedlove, Esq.
February 15, 2008
Page 3

**ReedSmith**

### No. 44

This response is evasive.  The request targets <u>specifically</u> the Blockbuster-Movielink acquisition documents.  American is entitled to know whether or not Movielink will be producing the requested documents.  Please clarify.

Very truly yours,

REED SMITH LLP

By: _Mam_

Mark W. Wasserman

MWW:krk

cc:    American Patent Development Corporation, LLC (*via electronic mail*)
William R. Griffith, Esq. (*via electronic mail*)
Matthew R. Sheldon, Esq.
Thad J. Bracegirdle, Esq. (*via electronic mail*)
Jeffrey L. Moyer, Esq. (*via electronic mail*)

# ReedSmith

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

Mark W. Wasserman
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

February 29, 2008

**BY ELECTRONIC MAIL**

Scott W. Breedlove, Esq.
Vinson & Elkins
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, Texas  75201-2975

Re:    *American Patent Development Corporation, LLC v. Movielink, LLC*, In the United States
District Court for the District of Delaware, Civil Action No. 07-605-JJF

Dear Scott:

Although we have communicated about Movielink's objections to certain of American's
document requests, the bulk of American's document requests are not the subject of any objection at all.

Movielink, however, has not produced any of these documents (with exception of the file
histories for its own patents).

For example, Movielink has produced nothing – not a single document – regarding its present
System.

Kindly let me know when Movielink will be producing responsive documents and information.
If by March 7 Movielink has not produced all previously requested documents or provided me with an
agreeable date by which it will do so, American will seek appropriate relief from the Court.

Very truly yours,

REED SMITH LLP

By:
         Mark W. Wasserman

MWW:krk
cc:    American Patent Development Corporation, LLC (*via electronic mail*)
       William R. Griffith, Esq. (*via electronic mail*)
       Matthew R. Sheldon, Esq.
       Thad J. Bracegirdle, Esq. (*via electronic mail*)
       Jeffrey L. Moyer, Esq. (*via electronic mail*)
       Alyson Gregory, Esq. (*via electronic mail*)

**EXHIBIT**

tabbies

D

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH

OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

FRXLIB-523179.1-MWWASSER 2/29/08 10:56 AM

# Vinson&Elkins

Alyson Gregory  agregory@velaw.com
Tel 214.220.7871  Fax 214.999.7871

March 10, 2008

BY E-MAIL AND U.S. MAIL

Mark W. Wasserman
Reed Smith LLP
Suite 1400
3110 Fairview Park Drive
Falls Church, VA  22042-4503

Re:    *American Patent Development Corporation LLC v. Movielink LLC*, Civil
Action No. 1:07-cv-00605-JJF in the United States District Court for the District of
Delaware (Wilmington)

Dear Mark:

I write in response to your February 29 letter to Scott Breedlove relating to
Movielink's production of documents.

Movielink expects to produce documents, including revenue information, *USA Video*
pleadings (those not filed under seal), source code for the Multi-CDN System, the license-
delivery system, and Movielink Manager, and licenses related to the Multi-CDN System, the
license-delivery system, and Movielink Manager, by Friday, March 14.  Movielink cannot,
however, predict or commit to a date for the bulk of its production because the parameters for
electronic discovery were only recently finalized (February 29), and it does not have results
of the searches.

Please do not hesitate to contact me with further questions or concerns.

Very truly yours,

Alyson Gregory

c:    Jeff Moyer *(via email)*

Dallas 1375487v.1

**EXHIBIT**

tabbies

E

Vinson & Elkins LLP  Attorneys at Law
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington
State of Texas

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

# ReedSmith

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

**Mark W. Wasserman**
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

March 10, 2008

BY ELECTRONIC MAIL

Alyson Gregory, Esq.
Vinson & Elkins
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, Texas 75201-2975

Re:    *American Patent Development Corporation, LLC v. Movielink, LLC*, In the United States
District Court for the District of Delaware, Civil Action No. 07-605-JJF

Dear Alyson:

I have your letter of today's date.

Please let me know if the production by March 14 will include non-electronic discovery regarding the Multi-CDN System, the license delivery system and Movielink Manager that is responsive to plaintiff's request nos. 7, 12 and 13. This would include documents of any type relating to the structure, architecture, operation and/or functionality of Movielink's Systems (Request No. 7); documents relating to software used in Movielink's Systems (Request No. 10); documents related to the protocols executed by the software in Movielink's Systems (Request No. 12); and documents related to how data is transmitted from the central facility to the user in Movielink's Systems (Request No. 13).

I look forward to your response.

Very truly yours,

REED SMITH LLP

By: _Mauss_
Mark W. Wasserman

MWW:krk
cc:    William R. Griffith, Esq. (*via electronic mail*)
Matthew R. Sheldon, Esq.
Thad J. Bracegirdle, Esq. (*via electronic mail*)
Jeffrey L. Moyer, Esq. (*via electronic mail*)
Scott Breedlove, Esq. (*via electronic mail*)



**EXHIBIT**

tabbies

F

NEW YORK ◆ LONDON ◆ HONG KONG ◆ CHICAGO ◆ BEIJING ◆ LOS ANGELES ◆ WASHINGTON, D.C. ◆ SAN FRANCISCO ◆ PARIS ◆ PHILADELPHIA ◆ PITTSBURGH
OAKLAND ◆ MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ BIRMINGHAM ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

reedsmith.com

# ReedSmith

Mark W. Wasserman
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

March 11, 2008

**BY ELECTRONIC MAIL**

Alyson Gregory, Esq.
Vinson & Elkins
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, Texas  75201-2975

Re:  *American Patent Development Corporation, LLC v. Movielink, LLC*, In the United States District Court for the District of Delaware, Civil Action No. 07-605-JJF

Dear Alyson:

I understand from today's telephone conversation that the production you expect your client to make by March 14, as referred to in your March 10 letter, will not include any information relating to the basic architecture of your client's Systems because such information is only available in electronic format, and this week's production is limited to non-electronically stored information.

Even if this is correct (that is, that Movielink only maintains such information electronically) there is no reason why this information could not have been produced earlier. The plan for electronic discovery agreed to by the parties is directed to electronic documents which are not easily located without conducting a search using targeted search terms. There is no need to use such searches to locate electronic documents, such as technical manuals, which are easily located by Movielink and do not require any formal search.

If I have misunderstood the situation, please let me know.

Very truly yours,

REED SMITH LLP

By: Mark W. Wasserman

MWW:krk
cc:  William R. Griffith, Esq. (*via electronic mail*)
Matthew R. Sheldon, Esq.
Thad J. Bracegirdle, Esq. (*via electronic mail*)
Jeffrey L. Moyer, Esq. (*via electronic mail*)
Scott Breedlove, Esq. (*via electronic mail*)

**EXHIBIT**
tabbies*
G

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ BEIJING ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

# Vinson&Elkins

Alyson Gregory  agregory@velaw.com
Tel 214.220.7871  Fax 214.999.7871

March 11, 2008

BY E-MAIL AND U.S. MAIL

Mark W. Wasserman
Reed Smith LLP
Suite 1400
3110 Fairview Park Drive
Falls Church, VA  22042-4503



Re:   *American Patent Development Corporation LLC v. Movielink LLC*, Civil Action No. 1:07-cv-00605-JJF in the United States District Court for the District of Delaware (Wilmington)

Dear Mark:

I write following up on your conversation with Scott Breedlove on February 21 and in response to your letters of February 15 and 25 relating to Movielink's responses to APDC's request for production of documents.

**Nos. 3 and 4:** Movielink will supplement its responses to APDC's requests for production consistently with the statements made in Scott Breedlove's letter of February 4. We will have the supplemental responses to you by Friday, March 14.

**Nos. 8, 10, and 11:** Subject to the highest protection available under the Protective Order, Movielink will produce the source code for the Multi-CDN System, the license delivery system, and Movielink Manager by March 14.  Movielink will produce additional responsive, electronic documents following the completion of the electronic searching discussed by the parties.  Other than what has been produced or is being produced this week (or potentially documents from the *USA Video* litigation), Movielink is not currently aware of any additional responsive, non-electronic documents.

**No. 19:** Movielink agrees to produce prior art relating to the '402 patent to the extent stated in Movielink's responses to Requests for Production Nos. 16.  We will include this information again in our supplemental responses.  Movielink is not aware of any other responsive, non-privileged documents at this time.

Vinson & Elkins LLP  Attorneys at Law
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington
State of Texas

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

V&E

No. 25: Your letter of January 25 did not raise this concern with our objections to this request, and as Scott mentioned in your phone conversation, we continue to believe the request is overly broad.  We have, however, located the technology licenses related to the Multi-CDN System, the license-delivery system, and Movielink Manager.  We will produce these documents by March 14.

No. 35:  Absent any objection from the content providers, Movielink will produce current agreements with Metro-Goldwyn-Mayer Studios Inc., Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Universal Studios, Inc., and Warner Bros. after March 21.

No. 43: Thank you for the additional information.  As Scott discussed with you, Movielink agrees to produce these pleadings (including any attachments) to the extent they were filed in the *USA Video* case and can be found in Movielink's files (it appears that all of the documents you requested are in Movielink's files, except the Technology Tutorial Videotape filed by USA Video Technology (#78), the Declaration of Bruce Anderson filed by Movielink LLC (#138), and the "Transcript filed Markman/summary judgment hearing for dates of 11/30/04" (#165)).  With regard to those items filed under seal, Movielink will not produce them until it receives written permission from an authorized representative of USA Video, which I understand you have requested.

No. 44: Thank you for the clarification in your conversation with Scott concerning the documents APDC is requesting at this time.  We have located the signed purchase agreement and are giving notice to third-parties regarding potential disclosure thereof. Absent any objection, Movielink will produce the purchase agreement after March 21.

Very truly yours,

Alyson Gregory

c:     Jeff Moyer *(via email)*

Dallas 1372722v1

# Vinson&Elkins

Scott W. Breedlove    sbreedlove@velaw.com
Tel 214.220.7993  Fax 214.999.7993



R E C E I V E D
FEB 1 5 2008
By_____

February 12, 2008

BY E-MAIL AND U.S. MAIL

Mark W. Wasserman
Reed Smith LLP
Suite 1400
3110 Fairview Park Drive
Falls Church, VA  22042-4503

Re:    *American Patent Development Corporation LLC v. Movielink LLC*, Civil
Action No. 1:07-cv-00605-JJF in the United States District Court for the District of
Delaware (Wilmington)

Dear Mark:

We are following up on discovery tasks.  APDC's Request No. 43 requested all papers filed in the *USA Video* litigation, and you and I exchanged correspondence concerning that request and Movielink's objections to it.  We have pulled the filings in Movielink's possession and have confirmed that most of the documents do not appear relevant to this action.  Also, as you previously noted, several filings were under seal.  Therefore, if APDC continues to request production of any of these filings, we would ask that APDC review the *USA Video* docket sheet, which is publicly available and accompanies this letter for your convenience, and provide a list by court docket number of the filings that APDC requests.  To the extent APDC requests documents filed under seal, we would also require APDC to provide written permission from an authorized representative of USA Video Technology Corporation for us to disclose those documents.  Movielink offers this proposal subject to and without waiving its objections.

Very truly yours,

*Scott W. Breedlove*

Scott W. Breedlove

Enclosure

c:    Jeff Moyer

Dallas 1366093v1

EXHIBIT
tabbies
I
_____

Vinson & Elkins LLP  Attorneys at Law
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington
State of Texas

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

CLOSED, PATENT

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:03-cv-00368-KAJ

USA Video Technology v. Movielink LLC
Assigned to: Honorable Kent A. Jordan
Demand: $0
Related Cases: <u>1:06-cv-00387-SLR</u>
              <u>1:06-cv-00407-JJF</u>
              <u>1:06-cv-00394-***-MPT</u>
Cause: 35:271 Patent Infringement

Date Filed: 04/10/2003
Date Terminated: 12/13/2005
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**USA VIDEO TECHNOLOGY CORPORATION**
*a Wyoming corporation*

represented by **Richard D. Kirk**
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Email: <u>bankserve@bayardlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Movielink LLC**
*a Delaware limited liability company*

represented by **John G. Day**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: <u>jday@ashby-geddes.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Balick**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

(302) 654-1888
Email: sbalick@ashby-geddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

Movielink LLC                    represented by **Steven J. Balick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**USA VIDEO TECHNOLOGY**            represented by **Richard D. Kirk**
**CORPORATION**                    (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2003 | 1 | COMPLAINT filed. Magistrate Consent Notice to Pltf. FILING FEE $ 150.00 RECEIPT # 134007 (bkb) Modified on 04/11/2003 (Entered: 04/11/2003) |
| 04/10/2003 | | DEMAND for jury trial by USA Video Technology (bkb) (Entered: 04/11/2003) |
| 04/10/2003 | | SUMMONS(ES) issued for MOVIELINK LLC (bkb) (Entered: 04/11/2003) |
| 04/11/2003 | 2 | Report to Commissioner of Patents and Trademarks (Patent No. 5,130,792). Exit original. (bkb) (Entered: 04/11/2003) |
| 04/11/2003 | 3 | RETURN OF SERVICE executed as to Movielink LLC 4/10/03 Answer due on 4/30/03 for Movielink LLC (bkb) (Entered: 04/11/2003) |
| 04/16/2003 | 4 | CASE assigned to Judge Kent A. Jordan . Notice to all parties. (rjb) (Entered: 04/16/2003) |
| 04/29/2003 | 5 | STIPULATION with proposed order extending time to 5/30/03 for Deft to file Answer or otherwise respond to Complaint. (rwc) (Entered: 04/29/2003) |
| 04/30/2003 | | So Ordered granting [5-1] stipulation reset Answer deadline to 5/30/03 for Movielink LLC ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 05/01/2003) |

| 05/30/2003 | 6 | ANSWER to complaint with jury demand, Affirmative Defenses, and COUNTERCLAIM by Movielink LLC against USA Video Technology (rwc) (Entered: 06/02/2003) |
|---|---|---|
| 06/02/2003 | 7 | MOTION by Movielink LLC with Proposed Order for Jeffrey M. Olson and Samuel N. Tiu to Appear Pro Hac Vice re: [7-1] motion (rwc) (Entered: 06/03/2003) |
| 06/03/2003 | | So Ordered granting [7-1] motion for Jeffrey M. Olson and Samuel N. Tiu to Appear Pro Hac Vice ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 06/03/2003) |
| 06/04/2003 | 8 | Letter dated 6/4/03 by Judge Jordan to parties enclosing a scheduling order form and requesting that parties contact the Court w/in 10-days to schedule a teleconference. (rwc) (Entered: 06/04/2003) |
| 06/19/2003 | 9 | MOTION by USA Video Technology to Dismiss Defendant Movielink LLC's Counterclaim for Patent Unenforceability Answer Brief due 7/3/03 re: [9-1] motion (rwc) (Entered: 06/20/2003) |
| 06/19/2003 | 10 | Memorandum of Law/Opening Brief Filed by USA Video Technology [9-1] motion to Dismiss Defendant Movielink LLC's Counterclaim for Patent Unenforceability - Answer Brief due 7/3/03 (rwc) (Entered: 06/20/2003) |
| 06/24/2003 | 11 | ORDER, set Tele-Scheduling Conference for 3:30 on 7/7/03. The parties shall submit a joint proposed scheduling order by 7/1/03. ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 06/24/2003) |
| 07/02/2003 | 12 | ORDER, reset Tele-Scheduling Conference for 12:45 on 7/16/03 ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 07/02/2003) |
| 07/03/2003 | 13 | MOTION by USA Video Technology with Proposed Order for Jeffrey T. Hsu and J. William Koegel, Jr., to Appear Pro Hac Vice re: [13-1] motion (rwc) (Entered: 07/03/2003) |
| 07/03/2003 | | So Ordered granting [13-1] motion for Jeffrey T. Hsu and J. William Koegel, Jr., to Appear Pro Hac Vice ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 07/03/2003) |
| 07/03/2003 | 14 | STIPULATED ORDER extending time to 7/11/03 for Deft to file Answer Brief Re: Motion [DI#9] to Dismiss Unenforceability Counterclaim. (rwc) (Entered: 07/07/2003) |
| 07/07/2003 | | So Ordered granting [14-1] stipulation reset Answer Brief Deadline to 7/11/03 re: [9-1] motion to Dismiss Defendant Movielink LLC's Counterclaim for Patent Unenforceability ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 07/07/2003) |
| 07/11/2003 | 15 | FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES to Complaint and Jury Demand filed Movielink LLC (rwc) (Entered: 07/11/2003) |

| 07/11/2003 | 16 | NOTICE of Withdrawal of Motion [DI# 9] as Moot, filed by USA Video Technology (rwc) (Entered: 07/14/2003) |
|---|---|---|
| 07/14/2003 | 17 | Letter dated 7/14/03 to Judge Jordan by Richard D. Kirk, Esq., enclosing joint proposed scheduling order with differing views on proposed dates. (rwc) (Entered: 07/15/2003) |
| 07/16/2003 | | Tele-conference held; rprtr. B. Gaffigan (ntl) (Entered: 07/16/2003) |
| 07/16/2003 | 18 | Steno Notes filed by Ct Rptr B. Gaffigan for 7/16/03 teleconference. (rwc) (Entered: 07/17/2003) |
| 07/30/2003 | 19 | Letter dated 7/30/03 to Judge Jordan by Richard D. Kirk, Esq., enclosing joint proposed scheduling order for approval. (rwc) (Entered: 07/30/2003) |
| 08/04/2003 | 20 | SCHEDULING ORDER: setting Discovery cutoff to 9/17/04 ; Status Report due on 7/7/04 ; Status Conference is set for 4:30 on 7/14/04 ; Deadline for filing dispositive motions is 10/19/04 ; Claim Construction due 10/19/04; set Markman Hearing for 11/30/04 at 9:30 ; set Jury Trial (10-days) for 10:00 on 4/4/05 ; Pretrial conference set for for 9:30 on 2/28/05 ; Proposed Pretrial Order due on 2/22/05. Case is referred to U.S. Magistrate Judge for ADR. ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) Modified on 10/15/2003 (Entered: 08/05/2003) |
| 08/04/2003 | | Deadline updated per DI#20; set Markman Hearing for 9:30 11/30/04 (rwc) (Entered: 08/05/2003) |
| 08/04/2003 | 21 | TRIAL MANAGEMENT ORDER - (see Order for details). ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 08/05/2003) |
| 08/06/2003 | 22 | ORDER, set Telephone Conference for 9:00 on 9/22/03 to discuss ADR options ( signed by Judge Mary P. Thynge ) copies to: cnsl (rwc) (Entered: 08/06/2003) |
| 08/08/2003 | 23 | STIPULATION with proposed order extending time to 8/25/03 for parties to exchange Initial Disclosures. (rwc) (Entered: 08/11/2003) |
| 08/11/2003 | | So Ordered granting [23-1] stipulation ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 08/12/2003) |
| 08/25/2003 | 24 | CERTIFICATE OF SERVICE by USA Video Technology, Re: Initial Disclosures were served. (rwc) (Entered: 08/26/2003) |
| 09/08/2003 | 25 | ORDER, reset Telephone Conference for 11:30 9/22/03 ( signed by Judge Mary P. Thynge ) copies to: cnsl. (ntl) (Entered: 09/08/2003) |
| 09/30/2003 | 26 | ORDER, set Mediation Conference for 9:00 on 3/31/04 , and set Telephone Conference for 11:30 on 2/26/03 to discuss ADR. Mediation Statements are due by 3/19/04. ( signed by Judge Mary P. Thynge ) copies to: cnsl. (rwc) (Entered: 09/30/2003) |
| 11/03/2003 | 27 | STIPULATION with proposed order extending time to 11/10/03 for the parties to submit a joint statement and proposal regarding a technology tutorial. (rwc) (Entered: |

| | | 11/04/2003 |
|---|---|---|
| 11/04/2003 | | So Ordered granting [27-1] stipulation ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 11/04/2003) |
| 11/04/2003 | 28 | MOTION by Movielink LLC with Proposed Order to Transfer Case to USDC Central District of California Answer Brief due 11/18/03 re: [28-1] motion (rwc) (Entered: 11/05/2003) |
| 11/04/2003 | 29 | Opening Brief Filed by Movielink LLC, in support of [28-1] motion to Transfer Case to USDC Central District of California - Answer Brief due 11/18/03 (rwc) (Entered: 11/05/2003) |
| 11/04/2003 | 30 | Declaration of Samuel Tiu filed by Movielink LLC, in support of [28-1] motion to Transfer Case to USDC Central District of California (rwc) (Entered: 11/05/2003) |
| 11/04/2003 | 31 | Declaration of John P. Godwin filed by Movielink LLC, in support of [28-1] motion to Transfer Case to USDC Central District of California (rwc) (Entered: 11/05/2003) |
| 11/04/2003 | 32 | Notice of Deficiency from the court to defendant Movielink LLC, Re: No original signature on DI#31 (rwc) (Entered: 11/05/2003) |
| 11/05/2003 | 33 | Notice of Deficiency from the court to defendant Movielink LLC, Re: No original signature on DI#30 (rwc) (Entered: 11/05/2003) |
| 11/10/2003 | 34 | STIPULATION with proposed order extending time to 3/1/04 for parties to submit a joint statement or proposed technology tutorial. (rwc) (Entered: 11/12/2003) |
| 11/12/2003 | | So Ordered granting [34-1] stipulation ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 11/12/2003) |
| 11/19/2003 | 35 | Answer Brief Filed by USA Video Technology, in opposition to [28-1] motion to Transfer Case to USDC Central District of California - Reply Brief due 11/26/03 (rwc) (Entered: 11/20/2003) |
| 11/20/2003 | 36 | Declaration of Edwin Molina filed by USA Video Technology, in support of [35-1] answer brief (rwc) (Entered: 11/20/2003) |
| 11/26/2003 | 37 | Reply Brief Filed by Movielink LLC, filed in support of [28-1] motion to Transfer Case to USDC Central District of California (rwc) (Entered: 11/27/2003) |
| 12/01/2003 | 38 | Letter dated 12/1/03 to Judge Jordan by Richard D. Kirk, Esq., requesting oral argument Re: Motion [DI#28] to Transfer. (rwc) (Entered: 12/02/2003) |
| 12/03/2003 | 39 | ORDER, Motion Hearing set for 4:30 on 1/8/04 for [28-1] motion to Transfer Case to USDC Central District of California ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 12/04/2003) |
| 12/17/2003 | 40 | CERTIFICATE OF SERVICE by USA Video Technology, Re: 1st set of Req. for Prod. of Doc., were served. (rwc) (Entered: 12/17/2003) |

| 01/08/2004 | | Motion hearing held before Judge Jordan, re: [28-1] motion to Transfer Case to USDC Central District of California Motion hearing; Motion is DENIED. (Ct Rptr K. Maurer) (rwc) (Entered: 01/09/2004) |
|---|---|---|
| 01/09/2004 | 41 | ORDER - denying [28-1] motion to Transfer Case to USDC Central District of California ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 01/09/2004) |
| 01/09/2004 | 42 | Steno Notes filed by Ct Rptr K. Maurer for 1/8/04 hearing. (rwc) (Entered: 01/09/2004) |
| 01/27/2004 | 43 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Response to 1st set of Req. for Prod., was served. (rwc) (Entered: 01/28/2004) |
| 02/11/2004 | 44 | CERTIFICATE OF SERVICE by Movielink LLC, Re: 1st Req. for Prod. were served. (rwc) (Entered: 02/11/2004) |
| 02/11/2004 | 45 | CERTIFICATE OF SERVICE by Movielink LLC, Re: 1st set of Interrog., were served. (rwc) (Entered: 02/11/2004) |
| 03/01/2004 | 46 | STIPULATION with proposed order extending time to 3/8/04 for parties to submit proposed joint statement and technology tutorial. (rwc) (Entered: 03/02/2004) |
| 03/02/2004 | | So Ordered granting [46-1] stipulation ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 03/02/2004) |
| 03/05/2004 | 47 | STIPULATION with proposed order extending time to 3/25/04 for Plaintiff to respond to Defendant's 1st sets of Discovery Requests. (rwc) (Entered: 03/05/2004) |
| 03/05/2004 | 48 | STIPULATED PROTECTIVE ORDER (proposed) - filed by the parties. (rwc) (Entered: 03/05/2004) |
| 03/05/2004 | | So Ordered granting [47-1] stipulation ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 03/05/2004) |
| 03/08/2004 | 49 | Joint Statement on Technology Tutorial - filed by the parties. (rwc) (Entered: 03/09/2004) |
| 03/10/2004 | 50 | PROTECTIVE ORDER (proposed) - filed by the parties. (rwc) (Entered: 03/11/2004) |
| 03/11/2004 | | So Ordered granting [50-1] Protective Order ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 03/11/2004) |
| 03/22/2004 | 51 | MOTION by USA Video Technology with Proposed Order for Stuart Huang, Scott D. Watkins and Anthony A. Onorato to Appear Pro Hac Vice re: [51-1] motion (rwc) (Entered: 03/22/2004) |
| 03/22/2004 | 52 | NOTICE of Withdraw of Attorney Appearance filed by USA Video Technology, Re: Jeffrey T. Hsu, Pro Hac Vice (rwc) (Entered: 03/23/2004) |
| 03/23/2004 | | So Ordered granting [51-1] motion for Stuart Huang, Scott D. Watkins and Anthony |

| | | A. Onorato to Appear Pro Hac Vice ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 03/23/2004) |
|---|---|---|
| 03/30/2004 | 53 | CERTIFICATE OF SERVICE by USA Video Technology, Re: Pltf's Responses to 1st Requests for Prod., were served. (rwc) (Entered: 03/31/2004) |
| 03/30/2004 | 54 | CERTIFICATE OF SERVICE by USA Video Technology, Re: Pltf's Responses to 1st set of Interrog., were served. (rwc) (Entered: 03/31/2004) |
| 06/07/2004 | 55 | Letter dated 6/7/04 to Judge Jordan by Steven J. Balick, Esq., Re: Discovery dispute, Request to Compel Production, and Request for Postponment of Scheduling Order. (rwc) (Entered: 06/07/2004) |
| 06/07/2004 | 56 | ORDER, set Telephone Conference for 9:30 on 6/10/04 ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 06/07/2004) |
| 06/08/2004 | 57 | Letter dated 6/8/04 to Judge Jordan by Richard D. Kirk, Esq., representing USA Video Technology in response to [55-1] Letter, Re: Discovery dispute, Request to Compel Production, and Request for Postponment of Scheduling Order. (rwc) (Entered: 06/08/2004) |
| 06/09/2004 | 58 | Letter dated 6/9/04 to Judge Jordan by Richard D. Kirk, Esq., enclosing a corrected letter to replace DI#57. (rwc) (Entered: 06/09/2004) |
| 06/09/2004 | 59 | CORRECTED LETTER dated 6/9/04 to Judge Jordan by Richard D. Kirk, Esq., representing USA Video Technology in response to [55-1] Letter, Re: Discovery dispute, Request to Compel Production, and Request for Postponment of Scheduling Order. (Replaces [57-1] opposition response). (rwc) (Entered: 06/09/2004) |
| 06/10/2004 | 60 | Steno Notes filed by Ct Rptr B. Gaffigan for 6/10/04 (rwc) (Entered: 06/10/2004) |
| 06/10/2004 | | Tele-conference held before Judge Jordan; (Ct Rptr B. Gaffigan). (rwc) (Entered: 06/10/2004) |
| 06/14/2004 | 61 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of Pltf USA Video Technology on 7/8/04 at 9:00 (rwc) (Entered: 06/15/2004) |
| 06/15/2004 | 62 | TRANSCRIPT filed by Ct Rptr B. Gaffigan, Re: telephone conference held on 6/10/04 (rwc) (Entered: 06/15/2004) |
| 06/15/2004 | 63 | STIPULATION with proposed order establishing the dates for the Production of Documents, extending Expert Report dates, Continuing Status Conference and setting date for the Technology Tutorial - (7/20/04 at 9:00 a.m.) (rwc) (Entered: 06/15/2004) |
| 06/15/2004 | | So Ordered granting [63-1] stipulation set Tutorial Hearing for 9:00 on 7/20/04 ( signed by Judge Kent A. Jordan Notice to all parties. (rwc) (Entered: 06/16/2004) |
| 06/17/2004 | 64 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Notcie of Subpoena Directed to Hill and Hurn was served. (rwc) (Entered: 06/17/2004) |
| 06/17/2004 | 65 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Notice of Subpoena directed to |

| | | |
|---|---|---|
| | | Kenneth Hill was served. (rwc) (Entered: 06/17/2004) |
| 06/17/2004 | 66 | NOTICE by Movielink LLC to take deposition of Kenneth Hill on 6/2/04 (rwc) (Entered: 06/17/2004) |
| 06/17/2004 | 67 | NOTICE by Movielink LLC to take deposition of Elbert Tindell on 7/14/04 at 9:00 a.m. (rwc) (Entered: 06/18/2004) |
| 06/17/2004 | 68 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Notice of Subpoena for Elbert Tindell was served. (rwc) (Entered: 06/18/2004) |
| 06/22/2004 | 69 | CERTIFICATE OF SERVICE by USA Video Technology, Re: 1st set of Interrog., were served. (rwc) (Entered: 06/22/2004) |
| 06/30/2004 | 70 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of Movielink LLC on 7/22/04 at 9:00 (rwc) (Entered: 06/30/2004) |
| 07/06/2004 | 71 | STIPULATION with proposed order extending the Interim Status Report deadline to 7/13/04. (rwc) (Entered: 07/07/2004) |
| 07/08/2004 | | So Ordered granting [71-1] stipulation reset Status Report deadline to 7/13/04 ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 07/08/2004) |
| 07/13/2004 | 72 | MOTION by USA Video Technology with Proposed Order for David A. Clark, D. Douglas Price and Susan Koegel to Appear Pro Hac Vice re: [72-1] motion (rwc) (Entered: 07/14/2004) |
| 07/14/2004 | | So Ordered granting [72-1] motion for David A. Clark, D. Douglas Price and Susan Koegel to Appear Pro Hac Vice ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 07/14/2004) |
| 07/14/2004 | 73 | INTERIM STATUS REPORT - filed jointly by USA Video Technology, Movielink LLC (rwc) (Entered: 07/14/2004) |
| 07/20/2004 | | Tutorial hearing / Status Conference held before Judge Jordan; (Ct Rptr B. Gaffigan) (rwc) (Entered: 07/20/2004) |
| 07/20/2004 | 74 | Steno Notes filed by Ct Rptr B. Gaffigan for 7/20/04 (rwc) (Entered: 07/20/2004) |
| 07/21/2004 | 75 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Responses to 1st set of Interrog., were served. (rwc) (Entered: 07/21/2004) |
| 07/26/2004 | 76 | TRANSCRIPT filed by Ct Rptr B. Gaffigan, Re: evidentiary hearing for date of 7/20/04 (rwc) (Entered: 07/26/2004) |
| 07/28/2004 | 77 | STIPULATION with proposed order extending discovery deadlines: Discovery cut-off extended to 10/1/04; Expert disclosures served by 8/9/04 and 9/9/04 respectively. (rwc) (Entered: 07/28/2004) |
| 07/29/2004 | | So Ordered granting [77-1] stipulation reset Scheduling Order Deadlines: Discovery deadline to 10/1/04 ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) |

| | | (Entered: 07/29/2004) |
|---|---|---|
| 08/02/2004 | 78 | Technology Tutorial Videotape filed by USA Video Technology, Movielink LLC (rwc) (Entered: 08/02/2004) |
| 08/09/2004 | | Deadline updated per calendar ntc; set Telephone Conference for 2:30 8/23/04 (rwc) (Entered: 08/09/2004) |
| 08/09/2004 | 79 | ORDER, set Telephone Conference for 2:30 on 8/23/04, Re: Discovery dispute ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 08/09/2004) |
| 08/11/2004 | 80 | STIPULATION with proposed order Amending Scheduling Order: Expert disclosures are due by 8/24/04; Rebuttal disclosures are due by 9/24/04. (rwc) (Entered: 08/12/2004) |
| 08/12/2004 | 81 | CERTIFICATE OF SERVICE of Subpoena issued for Michael I. Racman by USA Video Technology (rwc) (Entered: 08/12/2004) |
| 08/12/2004 | 82 | CERTIFICATE OF SERVICE of Subpoena issued for Gottlieb, Rackman & Reisman, P.C., filed by USA Video Technology (rwc) (Entered: 08/12/2004) |
| 08/12/2004 | | So Ordered granting [80-1] stipulation ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 08/12/2004) |
| 08/19/2004 | 83 | Letter dated 8/19/04 to Judge Jordan by Richard D. Kirk, Esq., Re: Pltf's Agenda Letter for the 8/23/04 discovery teleconference. (rwc) (Entered: 08/19/2004) |
| 08/19/2004 | 84 | Letter dated 8/19/04 to Judge Jordan by John G. Day, Esq., Re: Deft's Agenda Letter for the 8/23/04 discovery teleconference. (rwc) (Entered: 08/19/2004) |
| 08/20/2004 | 85 | Letter dated 8/20/04 to Judge Jordan by Richard D. Kirk, Esq., filed by USA Video Technology in response to [84-1], Re: Discovery dispute (rwc) (Entered: 08/20/2004) |
| 08/20/2004 | 86 | Letter dated 8/20/04 to Judge Jordan by John G. Day, Esq., filed by Movielink LLC in response to [83-1], Re: discovery dispute (rwc) (Entered: 08/20/2004) |
| 08/23/2004 | 87 | Letter dated 8/23/04 to Judge Jordan by Richard D. Kirk, Esq., filed by USA Video Technology, Re: The Court may disregard Exhibit B attached to Letter [85-1] (rwc) (Entered: 08/23/2004) |
| 08/23/2004 | | Tele-conference held before Judge Jordan, Re: Discovery dispute. (Ct Rptr K. Maurer). (rwc) (Entered: 08/24/2004) |
| 08/26/2004 | 88 | Steno Notes filed by Ct Rptr K. Maurer for 8/23/04 (rwc) (Entered: 08/26/2004) |
| 08/26/2004 | 89 | TRANSCRIPT filed by Ct Rptr K. Maurer, Re: telephone conference for date of 8/23/04 (rwc) (Entered: 08/26/2004) |
| 08/27/2004 | 90 | Letter dated 8/27/04 to Judge Jordan by Steven J. Balick, Esq., representing Movielink, Re: Discovery dispute concerning expert disclosures. (rwc) (Entered: 08/27/2004) |

| 08/27/2004 | 91 | Letter dated 8/27/04 to Judge Jordan by Richard D. Kirk, Esq., filed by USA Video Technology in opposition to [90-1] Letter, Re: Discovery dispute concerning expert disclosures. (rwc) (Entered: 08/30/2004) |
|---|---|---|
| 08/30/2004 | | Tele-conference held before Judge Jordan, Re: Discovery dispute. (Ct Rptr B. Gaffigan) (rwc) (Entered: 08/31/2004) |
| 08/31/2004 | 92 | Steno Notes filed by Ct Rptr B. Gaffigan for 8/30/04 (rwc) (Entered: 08/31/2004) |
| 08/31/2004 | 93 | TRANSCRIPT filed by Ct Rptr B. Gaffigan, Re: telephone conference for date of 8/30/04 (rwc) (Entered: 08/31/2004) |
| 08/31/2004 | 94 | Letter dated 8/31/04 to Judge Jordan by Steven J. Balick, Esq., enclosing USA Video's Rule 30(b)(6) deposition transcripts. (rwc) (Entered: 08/31/2004) |
| 08/31/2004 | 95 | Letter dated 8/31/04 to Judge Jordan by Richard D. Kirk, Esq., Re: Rule 30(b)(6) witness issue. (SEALED) (rwc) (Entered: 08/31/2004) |
| 09/01/2004 | 96 | Letter from Steven Balick, Esq. to Judge Jordan re Movielink's response to USVO's 8/31/04 submission. (ntl) (Entered: 09/01/2004) |
| 09/01/2004 | | Tele-conference held; rprtr. K. Maurer (ntl) (Entered: 09/02/2004) |
| 09/08/2004 | 97 | Steno Notes filed by Ct Rptr K. Maurer for 9/1/04 (rwc) (Entered: 09/08/2004) |
| 09/08/2004 | 98 | TRANSCRIPT filed by Ct Rptr K. Maurer, Re: telephone conference for date of 9/1/04 (rwc) (Entered: 09/08/2004) |
| 09/08/2004 | 99 | Letter dated 9/8/04 to Judge Jordan by Richard D. Kirk, Esq., enclosing a proposed Amended Scheduling Order and requesting the Court intervene regarding continuing discovery dispute. (rwc) (Entered: 09/08/2004) |
| 09/09/2004 | 100 | Letter dated 9/9/04 to Judge Jordan by John G. Day, Esq., representing Movielink LLC in response to [99-1] Letter, Re: Discovery dispute. (rwc) (Entered: 09/09/2004) |
| 09/10/2004 | 101 | NOTICE of Subpoena directed to QED Law Group filed by Movielink LLC (rwc) (Entered: 09/10/2004) |
| 09/10/2004 | 102 | NOTICE of Subpoena directed to Goldstein Golub Kessler LLP filed by Movielink LLC (rwc) (Entered: 09/10/2004) |
| 09/10/2004 | 103 | NOTICE of Subpoena directed to Erik B. Cherdak filed by Movielink LLC (rwc) (Entered: 09/10/2004) |
| 09/10/2004 | 104 | NOTICE of Subpoena directed to Odgen Murphy Wallace PLLC filed by Movielink LLC (rwc) (Entered: 09/10/2004) |
| 09/10/2004 | 105 | NOTICE of Subpoena directed to Derek W. Woolston filed by Movielink LLC (rwc) (Entered: 09/10/2004) |
| 09/10/2004 | 106 | NOTICE by Movielink LLC to take deposition of Derek W. Woolston on 9/17/04 at 9:00 (rwc) (Entered: 09/10/2004) |

| 09/10/2004 | 107 | NOTICE by Movielink LLC to take deposition of Erik B. Cherdak on 9/28/04 at 9:00 (rwc) (Entered: 09/10/2004) |
| --- | --- | --- |
| 09/10/2004 | | Tele-conference held before Judge Jordan, Re: Discovery dispute (Ct Rptr V. Gunning). (rwc) (Entered: 09/10/2004) |
| 09/10/2004 | 108 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of Ball State University on 9/22/04 at 9:00 (rwc) (Entered: 09/13/2004) |
| 09/10/2004 | 109 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of Bell South Corp. on 9/23/04 at 9:00 (rwc) (Entered: 09/13/2004) |
| 09/10/2004 | 110 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of University of Southern California on 9/23/04 at 9:00 (rwc) (Entered: 09/13/2004) |
| 09/13/2004 | 111 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of SBC Communications on 9/20/04 at 9:00 (rwc) (Entered: 09/13/2004) |
| 09/14/2004 | 112 | MOTION by Movielink LLC with Proposed Order for Matthew S. Jorgenson to Appear Pro Hac Vice re: [112-1] motion (rwc) (Entered: 09/15/2004) |
| 09/15/2004 | 113 | TRANSCRIPT filed by Ct Rptr V. Gunning, Re: telephone conference for dates of 9/10/04 (rwc) (Entered: 09/15/2004) |
| 09/15/2004 | | So Ordered granting [112-1] motion for Matthew S. Jorgenson to Appear Pro Hac Vice ( signed by Judge Kent A. Jordan ) Notice to all parties. (rwc) (Entered: 09/15/2004) |
| 09/20/2004 | 114 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of Bell South on 9/23/04 at 9:00 (rwc) (Entered: 09/21/2004) |
| 09/20/2004 | 115 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of Pacific Bell on 9/24/04 at 9:00 (rwc) (Entered: 09/21/2004) |
| 09/20/2004 | 116 | NOTICE by USA Video Technology to take Rule 30(b)(6) deposition of SBC Internet Services on 9/24/04 at 9:00 (rwc) (Entered: 09/21/2004) |
| 09/21/2004 | 117 | NOTICE by Movielink LLC to take deposition of Gordon Lee on 10/1/04 at 9:00 (rwc) (Entered: 09/21/2004) |
| 09/21/2004 | 118 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Notice of Subpoena for Gordon Lee was served. (rwc) (Entered: 09/21/2004) |
| 09/28/2004 | 119 | CERTIFICATE OF SERVICE by USA Video Technology, Re: Expert Report of William H. Beckman was served. (rwc) (Entered: 09/28/2004) |
| 09/29/2004 | 120 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Expert Reports were served. (rwc) (Entered: 09/30/2004) |
| 10/12/2004 | 121 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Rebuttal Expert Report of Richard T. Mihran, Ph.D was served. (rwc) (Entered: 10/12/2004) |

| 10/12/2004 | 122 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Rebuttal Expert Report of Joseph A. Konstan, Ph.D was served. (rwc) (Entered: 10/12/2004) |
| 10/15/2004 | 123 | CERTIFICATE OF SERVICE by USA Video Technology, Re: Supplemental discovery responses were served. (rwc) (Entered: 10/18/2004) |
| 10/20/2004 | 124 | NOTICE by Movielink LLC to take deposition of Erik B. Cerdak on 10/28/04 at 9:00 (rwc) (Entered: 10/21/2004) |
| 10/20/2004 | 125 | CERTIFICATE OF SERVICE by Movielink LLC, Re: Subpoena for Erik B. Cherdak was served. (rwc) (Entered: 10/21/2004) |
| 10/22/2004 | 126 | Opening Claim Construction/Markman Brief Filed by USA Video Technology - (SEALED) (rwc) (Entered: 10/25/2004) |
| 10/22/2004 | 127 | MOTION by USA Video Technology with Proposed Order for Summary Judgment as to Gunther Article and the '792 Patent's Enablement to the Internet Answer Brief due 11/5/04 re: [127-1] motion - (SEALED) (rwc) (Entered: 10/25/2004) |
| 10/22/2004 | 128 | Memorandum of Law Filed by USA Video Technology, in support of [127-1] motion for Summary Judgment as to Gunther Article and the '792 Patent's Enablement to the Internet - Answer Brief due 11/5/04 - (SEALED) (rwc) (Entered: 10/25/2004) |
| 10/22/2004 | 129 | MOTION by USA Video Technology with Proposed Order to Exclude or Limit Admissibility of the Expert Reports and Testimony of Richard T. Mihran and Joseph A. Konstan Answer Brief due 11/5/04 re: [129-1] motion - (SEALED) (rwc) (Entered: 10/25/2004) |
| 10/22/2004 | 130 | Memorandum of Law Filed by USA Video Technology, in support of [129-1] motion to Exclude or Limit Admissibility of the Expert Reports and Testimony of Richard T. Mihran and Joseph A. Konstan - Answer Brief due 11/5/04 - (SEALED) (rwc) (Entered: 10/25/2004) |
| 10/25/2004 | 131 | Opening Claim Construction Brief Filed by Movielink LLC - (SEALED) (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 132 | MOTION by Movielink LLC for Summary Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists Answer Brief due 11/8/04 re: [132-1] motion (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 133 | Memorandum and Points of Authority Filed by Movielink LLC, in support of [132-1] motion for Summary Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists - Answer Brief due 11/8/04 - (SEALED) (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 134 | MOTION by Movielink LLC for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity Answer Brief due 11/8/04 re: [134-1] motion (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 135 | Memorandum of Points and Authorities Filed by Movielink LLC in support of [134-1] |

| | | |
|---|---|---|
| | | motion for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity - Answer Brief due 11/8/04 - (SEALED) (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 136 | MOTION by Movielink LLC for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report Answer Brief due 11/8/04 re: [136-1] motion (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 137 | Memorandum and Points of Authority Filed by Movielink LLC in support of [136-1] motion for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report - Answer Brief due 11/8/04 - (SEALED) (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 138 | Declaration of Bruce Anderson filed by Movielink LLC, in support of: [131-1] opening claim construction brief, [132-1] motion for Summary Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists, [134-1] motion for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity, [136-1] motion for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report - (SEALED) (rwc) (Entered: 10/26/2004) |
| 10/25/2004 | 139 | Declaration of Samuel Tiu filed by Movielink LLC, in support of: [131-1] opening claim construction brief, [132-1] motion for Summary Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists, [134-1] motion for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity, [136-1] motion for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report - (SEALED) (rwc) (Entered: 10/26/2004) |
| 10/26/2004 | 140 | Letter by Richard D. Kirk, Esq., to Clerk dated 10/26/04 enclosing replacement Table of Content pages Re: DI#126. (rwc) (Entered: 10/26/2004) |
| 11/04/2004 | 141 | CERTIFICATE OF SERVICE by USA Video Technology, Re: 2nd Supplemental Response to 1st set of Interrog., was served. (rwc) (Entered: 11/04/2004) |
| 11/04/2004 | 142 | Memorandum of Points and Authorities Filed by USA Video Technology, in opposition to [132-1] motion for Summary Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists - Reply Brief due 11/12/04 - (SEALED) (rwc) (Entered: 11/04/2004) |
| 11/04/2004 | 143 | Memorandum Filed by USA Video Technology, in opposition to [134-1] motion for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity - Reply Brief due 11/12/04 - (SEALED) (rwc) (Entered: 11/04/2004) |
| 11/04/2004 | 144 | Memorandum of Law Filed by USA Video Technology, in opposition to [136-1] motion for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report - Reply Brief due 11/12/04 - (SEALED) (rwc) (Entered: 11/04/2004) |

| | | |
|---|---|---|
| 11/04/2004 | 145 | Memorandum of Points and Authorities Filed by Movielink LLC, in opposition to [129-1] motion to Exclude or Limit Admissibility of the Expert Reports and Testimony of Richard T. Mihran and Joseph A. Konstan - Reply Brief due 11/12/04 - (SEALED) (rwc) (Entered: 11/05/2004) |
| 11/04/2004 | 146 | Memorandum of Points and Authorities Filed by Movielink LLC, in opposition to [127-1] motion for Summary Judgment as to Gunther Article and the '792 Enablement to the Internet - Reply Brief due 11/12/04 - (SEALED) (rwc) (Entered: 11/05/2004) |
| 11/04/2004 | 147 | Declaration of Jeffrey M. Olson filed by Movielink LLC., in support of [146-1] answer brief - (SEALED) (rwc) (Entered: 11/05/2004) |
| 11/09/2004 | 148 | JOINT CLAIM CONSTRUCTION CHART - filed by USA Video Technology, Movielink LLC in support of [126-1], [131-1] Claim Construction Briefs (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 149 | RESPONSE by USA Video Technology in opposition to [131-1] opening claim construction brief - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 150 | APPENDIX filed by USA Video Technology in support of [149-1] opposition response - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 151 | Reply Brief Filed by USA Video Technology, in response to [127-1] motion for Summary Judgment as to Gunther Article and the '792 Patent's Enablement to the Internet - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 152 | Reply Brief Filed by USA Video Technology, in support of [129-1] motion to Exclude or Limit Admissibility of the Expert Reports and Testimony of Richard T. Mihran and Joseph A. Konstan - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 153 | Declaration of Anthony A. Onorato filed by USA Video Technology, in support of [152-1] reply brief, [151-1] reply brief (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 154 | Notice of Deficiency from the court to plaintiff USA Video Technology, Re: No original signature on DI#153 (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 155 | RESPONSE by Movielink LLC in opposition to [126-1] opening claim construction brief - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 156 | Declaration of John G. Day filed by Movielink LLC, in support of [155-1] opposition response - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 157 | Reply Brief Filed by Movielink LLC, in support of [136-1] motion for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 158 | Reply Brief Filed by Movielink LLC, in support of [134-1] motion for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/09/2004 | 159 | Reply Brief Filed by Movielink LLC, in support of [132-1] motion for Summary |

| | | |
|---|---|---|
| | | Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists - (SEALED) (rwc) (Entered: 11/10/2004) |
| 11/10/2004 | 160 | Letter dated 11/10/04 to Clerk by Richard D. Kirk, Esq., enclosing the original signature page replacement for DI#153. (rwc) (Entered: 11/12/2004) |
| 11/19/2004 | 161 | Letter dated 11/19/04 to Judge Jordan by Richard D. Kirk, Esq., Re: Proposed Agenda and discovery issues for the 11/30/04 discovery hearing. (rwc) (Entered: 11/22/2004) |
| 11/23/2004 | | Tele-conference held before Judge Jordan, Re: Agenda for 11/30/04 Hearing. (Ct Rptr B. Gaffigan) (rwc) (Entered: 11/23/2004) |
| 11/23/2004 | 162 | Steno Notes for 11/23/04 filed by Ct Rptr B. Gaffigan (rwc) (Entered: 11/23/2004) |
| 11/23/2004 | 163 | TRANSCRIPT filed by Ct Rptr B. Gaffigan Re: telephone conference for dates of 11/23/04 (rwc) (Entered: 11/23/2004) |
| 11/30/2004 | 164 | Steno Notes for 11/30/04 filed by Ct Rptr B. Gaffigan. (rwc) (Entered: 11/30/2004) |
| 11/30/2004 | | Markman Hearing held before Judge Jordan; (Ct Rptr B. Gaffigan) (rwc) (Entered: 11/30/2004) |
| 12/03/2004 | 165 | TRANSCRIPT filed [0-0] Markman/summary judgment hearing for dates of 11/30/04; rprtr. B. Gaffigan (ntl) (Entered: 12/03/2004) |
| 01/04/2005 | 166 | NOTICE of Local Counsel's Change of Firm Affiliation - filed by Richard D. Kirk, Esq. (rwc) (Entered: 01/05/2005) |
| 01/28/2005 | 167 | ORDER - denying as moot [127-1] motion for Summary Judgment as to Gunther Article and the '792 Patent's Enablement to the Internet, denying as moot [129-1] motion to Exclude or Limit Admissibility of the Expert Reports and Testimony of Richard T. Mihran and Joseph A. Konstan, granting [132-1] motion for Summary Judgment of Non-Infringement Relating to USVO's Infringement Allegations for which no Support in the Record Exists, granting [134-1] motion for Summary Judgment of Non-Infringement, and its Alternative Motion for Summary Judgment of Invalidity, denying as moot [136-1] motion for Summary Judgment of Invalidity under 35 U.S.C. sec. 112 and to STRIKE portions of Expert Report ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 01/31/2005) |
| 01/28/2005 | 168 | MEMORANDUM OPINION - issued in support of Order [DI#167]. ( signed by Judge Kent A. Jordan ) copies to: cnsl. (rwc) (Entered: 01/31/2005) |
| 01/28/2005 | | Case closed per DI#'s 167 & 168. (rwc) (Entered: 01/31/2005) |
| 02/11/2005 | 169 | MOTION with memorandum in support by USA Video Technology for Reconsideration of [168-1] order, [167-1] order {SEALED}. (ntl) (Entered: 02/11/2005) |
| 02/11/2005 | 170 | Supplemental Declaration of Anthony A. Onorato Re: [169-1] motion for Reconsideration of [168-1] order, [167-1] order {SEALED}. (ntl) (Entered: 02/11/2005) |

| 02/28/2005 | 171 | ANSWERING BRIEF in Opposition re [169] Motion for Reconsideration filed by Movielink LLC.Reply Brief due date per Local Rules is 3/7/2005. (ntl, ) (Entered: 02/28/2005) |
|---|---|---|
| 02/28/2005 | 172 | DECLARATION of Samuel Tiu re [171] Answering Brief in Opposition by Movielink LLC {SEALED}. (ntl, ) (Entered: 02/28/2005) |
| 05/27/2005 | 173 | MEMORANDUM ORDER denying [169] Motion for Reconsideration . Signed by Judge Kent A. Jordan on 5/27/05. (ntl, ) (Entered: 05/27/2005) |
| 05/27/2005 | | CASE CLOSED per D.I. 173 (ntl, ) (Entered: 05/27/2005) |
| 06/10/2005 | 174 | MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* - filed by Movielink LLC. (Balick, Steven) (Entered: 06/10/2005) |
| 06/10/2005 | 175 | MEMORANDUM in Support re 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* filed by Movielink LLC.Answering Brief/Response due date per Local Rules is 6/24/2005. (Balick, Steven) (Entered: 06/10/2005) |
| 06/10/2005 | 176 | SEALED DECLARATION re 175 MEMORANDUM in Support *of Memorandum of Points and Authorities in Support of Defendant's Motion for Attorneys' Fees Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* by Movielink LLC. (Balick, Steven) (Entered: 06/10/2005) |
| 06/15/2005 | 177 | Supplemental OPENING BRIEF in Support re 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927 (FILED UNDER SEAL)* filed by Movielink LLC.Answering Brief/Response due date per Local Rules is 6/29/2005. (Balick, Steven) (Entered: 06/15/2005) |
| 06/20/2005 | 178 | REDACTED VERSION of 176 Declaration, *of Samuel Tiu in Support of Memorandum of Points and Authorities in Support of Defendant's Motion for Attorneys' Fees Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* by Movielink LLC. (Attachments: # 1 Exhibits A through E)(Day, John) (Entered: 06/20/2005) |
| 06/22/2005 | 179 | Joint MOTION for Extension of Time to File Response/Reply as to 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* - filed by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 06/22/2005) |
| 06/23/2005 | 180 | REDACTED VERSION of 177 Opening Brief in Support, *of Defendant's Motion for Partial Attorneys' Fees and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* by Movielink LLC. (Attachments: # 1 Exhibits A through C)(Balick, Steven) (Entered: 06/23/2005) |
| 06/24/2005 | | SO ORDERED, re 179 Joint MOTION for Extension of Time. Reset Briefing Schedule Re: 174 Motion: Answering Brief due 7/5/2005. Reply Brief due 7/19/2005. Signed by Judge Kent A. Jordan on 6/24/05. (rwc, ) (Entered: 06/24/2005) |

| 06/27/2005 | 181 | NOTICE OF APPEAL to the Federal Circuit of 173 Order on Motion for Reconsideration, [167] Order,,,, [168] Memorandum Opinion. Appeal filed by USA VIDEO TECHNOLOGY CORPORATION. Time of Filing: 2:31 PM EDT. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 certificate of service)(Kirk, Richard) (Entered: 06/27/2005) |
|---|---|---|
| 06/27/2005 | | USCA Appeal Fees received: $ 255, receipt number 139769 re 181 Notice of Appeal (Federal Circuit), Notice of Appeal (Federal Circuit) filed by USA VIDEO TECHNOLOGY CORPORATION,. (els, ) (Entered: 06/27/2005) |
| 06/28/2005 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 181 Notice of Appeal (Federal Circuit). (eew) (Entered: 06/28/2005) |
| 06/28/2005 | | Notification regarding 181 Notice of Appeal (Federal Circuit) sent to Reporter Gaffigan. (eew) (Entered: 06/28/2005) |
| 06/28/2005 | | Notification regarding 181 Notice of Appeal (Federal Circuit) sent to Reporter Maurer. (eew) (Entered: 06/28/2005) |
| 07/01/2005 | 182 | TRANSCRIPT REQUEST by USA VIDEO TECHNOLOGY CORPORATION before Judge KAJ, TRANSCRIPT NOT NEEDED re 181 Notice of Appeal (Federal Circuit), Notice of Appeal (Federal Circuit) (Kirk, Richard) (Entered: 07/01/2005) |
| 07/05/2005 | 183 | Joint MOTION for Extension of Time to File Response/Reply as to 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* - filed by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 07/05/2005) |
| 07/06/2005 | | Certified List in Lieu of Record Transmitted to US Court of Appeals re 181 Notice of Appeal (Federal Circuit. Exit certified copies of docket entries indicating record complete for appeal purposes. (eew) (Entered: 07/06/2005) |
| 07/06/2005 | | SO ORDERED, re 183 Joint MOTION for Extension of Time to File Response/Reply as to 174 MOTION for Attorney Fees. Set Briefing Schedule: Answering Brief due 7/7/2005. Reply Brief due 7/21/2005. Signed by Judge Kent A. Jordan on 7/6/05. (rwc, ) (Entered: 07/06/2005) |
| 07/07/2005 | 184 | SEALED ANSWERING BRIEF in Opposition re 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* filed by USA VIDEO TECHNOLOGY CORPORATION.Reply Brief due date per Local Rules is 7/14/2005. (Attachments: # 1 Certificate of Service)(Kirk, Richard) (Entered: 07/07/2005) |
| 07/07/2005 | 185 | SEALED DECLARATION re 184 Answering Brief in Opposition, *to Defendant Movielink's Motion for Partial Attorney's Fees and Costs Pursuant to 35 U.S.C. 285 and U.S.C. 1927* by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 07/07/2005) |
| 07/07/2005 | 186 | SEALED DECLARATION re 184 Answering Brief in Opposition, *to Defendant Movielink's Motion for Partial Attorney's Fees and Costs Pursuant to 35 U.S.C. 285* |

| | | |
|---|---|---|
| | | *and U.S.C. 1927* by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 07/07/2005) |
| 07/07/2005 | 187 | SEALED DECLARATION re 184 Answering Brief in Opposition, *to Defendant Movielink's Motion for Partial Attorney's Fees and Costs Pursuant to 35 U.S.C. 285 and U.S.C. 1927* by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 07/07/2005) |
| 07/07/2005 | 188 | SEALED DECLARATION re 184 Answering Brief in Opposition, *to Defendant Movielink's Motion for Partial Attorney's Fees and Costs Pursuant to 35 U.S.C. 285 and U.S.C. 1927* by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 07/07/2005) |
| 07/07/2005 | 189 | SEALED DECLARATION re 184 Answering Brief in Opposition, *to Defendant Movielink's Motion for Partial Attorney's Fees and Costs Pursuant to 35 U.S.C. 285 and U.S.C. 1927* by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 07/07/2005) |
| 07/12/2005 | 190 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 181 Notice of Appeal (Federal Circuit) filed by USA VIDEO TECHNOLOGY CORPORATION,. USCA Case Number 05-1451. (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (rwc, ) (Entered: 07/12/2005) |
| 07/20/2005 | 191 | STIPULATION TO EXTEND TIME to Serve and File the Reply Brief in Support of its Motion for Attorneys' Fees and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927 (D.I. 174) to or before July 26, 2005 - filed by USA VIDEO TECHNOLOGY CORPORATION, Movielink LLC. (Day, John) (Entered: 07/20/2005) |
| 07/20/2005 | 192 | REDACTED VERSION of 184 Answering Brief in Opposition, *to Defendant Movielink's Motion for Partial Attorneys' Fees and Costs* by USA VIDEO TECHNOLOGY CORPORATION. (Attachments: # 1 Ex A (unreported cases)# 2)(Kirk, Richard) (Entered: 07/20/2005) |
| 07/20/2005 | 193 | REDACTED VERSION of 185 Declaration *of Andrew Huffman, Esq.* by USA VIDEO TECHNOLOGY CORPORATION. (Attachments: # 1)(Kirk, Richard) (Entered: 07/20/2005) |
| 07/20/2005 | 194 | REDACTED VERSION of 186 Declaration *of Stuart T.F. Huang, Esq.* by USA VIDEO TECHNOLOGY CORPORATION. (Attachments: # 1 certificate of service)(Kirk, Richard) (Entered: 07/20/2005) |
| 07/20/2005 | 195 | REDACTED VERSION of 187 Declaration *of Erik B. Cherdak, Esq.* by USA VIDEO TECHNOLOGY CORPORATION. (Attachments: # 1 certificate of service)(Kirk, Richard) (Entered: 07/20/2005) |
| 07/20/2005 | 196 | REDACTED VERSION of 188 Declaration *of Jeffrey T. Hsu, Esq.* by USA VIDEO TECHNOLOGY CORPORATION. (Attachments: # 1 certificate of service)(Kirk, Richard) (Entered: 07/20/2005) |

| 07/20/2005 | 197 | REDACTED VERSION of 189 Declaration *of J. William Koegel, Jr., Esq.* by USA VIDEO TECHNOLOGY CORPORATION. (Attachments: # 1 certificate of service)(Kirk, Richard) (Entered: 07/20/2005) |
|---|---|---|
| 07/21/2005 | | SO ORDERED, re 191 STIPULATION TO EXTEND TIME : Reset Briefing Schedule: Reply Brief due 7/26/2005 Re: Motion 174 for Attorney fees. Signed by Judge Kent A. Jordan on 7/21/05. (rwc, ) (Entered: 07/21/2005) |
| 07/26/2005 | 198 | SEALED REPLY BRIEF re 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* filed by Movielink LLC. (Day, John) (Entered: 07/26/2005) |
| 07/26/2005 | 199 | SEALED DECLARATION re 198 Reply Brief *of John G. Day in Support of Defendanf's Reply Brief to Motion for Partial Attorneys' Fees and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* by Movielink LLC. (Day, John) (Entered: 07/26/2005) |
| 08/02/2005 | 200 | Letter to The Honorable Kent A. Jordan from Richard D. Kirk, Esquire regarding requesting oral argument re 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927.* (Kirk, Richard) (Entered: 08/02/2005) |
| 08/11/2005 | 201 | REDACTED VERSION of 198 Reply Brief *in Support of Defendant's Motion for Partial Attorneys' Fees and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* by Movielink LLC. (Day, John) (Entered: 08/11/2005) |
| 08/11/2005 | 202 | REDACTED VERSION of 199 Declaration *of John G. Day in Support of Defendant's Motion for Partial Attorneys' Fees and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927* by Movielink LLC. (Attachments: # 1 Exhibits A through D)(Day, John) (Entered: 08/11/2005) |
| 08/11/2005 | 203 | Letter to The Honorable Kent A. Jordan from Richard D. Kirk, Esquire regarding Submission of Recently Decided Case Pursuant to Local Rule 7.1.2(c) re 174 MOTION for Attorney Fees *and Costs Pursuant to 35 U.S.C. Section 285 and 28 U.S.C. Section 1927.* (Attachments: # 1 Claiborne v. Wisdom (7th Cir.)# 2 Baker Industries v. Cerberus Limited (3d Cir.)# 3 certificate of service)(Kirk, Richard) (Entered: 08/11/2005) |
| 08/16/2005 | 204 | Letter to The Honorable Kent A. Jordan from Steven J. Balick regarding confirmation of date by which response to plaintiff's August 11, 2005 letter will be submitted re 203 Letter,. (Balick, Steven) (Entered: 08/16/2005) |
| 08/23/2005 | 205 | NOTICE of Additional Appearances of Counsel for Plaintiff, USA Video Technology Corporation by USA VIDEO TECHNOLOGY CORPORATION *Edward W. Goldstein and Corby R. Vowell* (Kirk, Richard) (Entered: 08/23/2005) |
| 08/24/2005 | 206 | MOTION for Pro Hac Vice Appearance of Attorney Edward W. Goldstein and Corby R. Vowell - filed by USA VIDEO TECHNOLOGY CORPORATION. (Kirk, Richard) (Entered: 08/24/2005) |
| 08/24/2005 | 207 | Letter to Judge Jordan from John G. Day regarding Response to Plaintiff's August 11, |

| | | |
|---|---|---|
| | | 2005 Letter (D.I. 203). (Day, John) (Entered: 08/24/2005) |
| 08/29/2005 | | SO ORDERED, re 206 MOTION for Pro Hac Vice Appearance of Attorney Edward W. Goldstein and Corby R. Vowell filed by USA VIDEO TECHNOLOGY CORPORATION . Signed by Judge Kent A. Jordan on 8/29/05. (rwc, ) (Entered: 08/29/2005) |
| 12/13/2005 | 208 | MEMORANDUM ORDER - denying 174 MOTION for Attorney Fees filed by Movielink LLC. ***Civil Case Terminated. Signed by Judge Kent A. Jordan on 12/13/05. (rwc, ) (Entered: 12/13/2005) |
| 12/13/2005 | 209 | Report to the Commissioner of Patents for Patent Number(s) 5,130,792; (rwc, ) (Entered: 12/13/2005) |
| 06/13/2006 | | CORRECTING ENTRY: Deleted DI #210 - Order from USCA Federal Circuit was not the official Mandate. (rwc, ) (Entered: 06/13/2006) |
| 06/16/2006 | 210 | BILL OF COSTS by Movielink LLC. (Day, John) (Entered: 06/16/2006) |
| 06/16/2006 | 211 | AFFIDAVIT of Matthew S. Jorgenson in Support of Defendant's Bill of Costs Pursuant to 28 U.S.C. Section 1924 re 210 Bill of Costs filed by Movielink LLC. (Day, John) (Entered: 06/16/2006) |
| 06/30/2006 | 212 | OBJECTIONS by USA VIDEO TECHNOLOGY CORPORATION to 210 Bill of Costs. (Kirk, Richard) (Entered: 06/30/2006) |
| 07/03/2006 | 213 | RESPONSE TO OBJECTIONS by Movielink LLC re 212 Objections *to the bill of costs*. (Day, John) (Entered: 07/03/2006) |
| 07/03/2006 | 214 | MANDATE of USCA as to 181 Notice of Appeal (Federal Circuit) - filed by USA VIDEO TECHNOLOGY CORPORATION. USCA Decision: affirmed. (rwc, ) (Entered: 07/05/2006) |
| 07/05/2006 | 215 | Letter to Dr. Peter T. Dalleo, Clerk of the Court from Richard D. Kirk, Esquire regarding Asking Clerk to Strike or Disregard Improper Filing - re 213 Response to Objections. (Kirk, Richard) (Entered: 07/05/2006) |
| 07/06/2006 | 216 | Letter to Dr. Peter T. Dalleo from Steven J. Balick regarding response to plaintiff's July 5, 2006 letter (D.I. 215). (Balick, Steven) (Entered: 07/06/2006) |
| 07/20/2007 | 217 | ORDER (including procedural letter and docket sheet), directing the return of sealed documents to the parties. Signed by Judge Vacant Judgeship on 07/20/2007. (Attachments: # 1 atty letter# 2 docket sheet# 3 plaintiff(s) sealed docs# 4 defendant(s) sealed docs)(lid) (Entered: 07/24/2007) |
| 08/15/2007 | 218 | ACKNOWLEDGMENT OF RECEIPT of the following sealed documents, signed on behalf of Richard D. Kirk, ESQ. : D.I. #(s) 126,127,128,129,130,142,143,144,149,150,151,152,169,170,184,185,186,187,188,189 (lid) (Entered: 08/15/2007) |
| 08/24/2007 | 219 | ACKNOWLEDGMENT OF RECEIPT of the following sealed documents, signed on |

| | | |
|---|---|---|
| | | behalf of John G. Day, ESQ. : D.I. #(s) 131,133,135,137,138,139,145,146,147,155,156,157,158,159,172,176,177,198,199. (lid) (Entered: 08/24/2007) |
| 08/28/2007 | 220 | ACKNOWLEDGMENT OF RECEIPT of the following sealed documents, signed on behalf of Richard D. Kirk, ESQ. : D.I. # 95 (lid) (Entered: 08/28/2007) |
| 09/26/2007 | 221 | Taxation of Costs in the amount of $ 107.50 against USA Video Technology Corporation (bkb) (Entered: 09/26/2007) |

<table>
<tr><td colspan="5" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="5" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="2"></td><td colspan="3"></td></tr>
<tr><td colspan="2"></td><td colspan="3"></td></tr>
<tr><td colspan="5" align="center">02/12/2008 17:34:43</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>ve0007</td><td><strong>Client Code:</strong></td><td colspan="2">vin999-00001-001317</td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td colspan="2">1:03-cv-00368-KAJ Start date: 1/1/1970 End date: 2/12/2008</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>12</td><td><strong>Cost:</strong></td><td colspan="2">0.96</td></tr>
</table>

# ReedSmith

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

Mark W. Wasserman
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

March 4, 2008

<u>BY ELECTRONIC MAIL</u>

Mr. Edwin Molina
President and Chief Executive Officer
USA Video Interactive Corp.
8 West Main Street
Suite 3-12
Niantic, Connecticut 06357

      Re:    *American Patent Development Corporation, LLC v. Movielink, LLC*, In the United States District Court for the District of Delaware, Civil Action No. 07-CV-605-JJF

Dear Mr. Molina:

      We represent the plaintiff in the above-referenced patent infringement action against Movielink, LLC. The patent is U.S. Patent No. 5,400,402.

      Our client has requested Movielink to produce certain pleadings, briefs and other papers that the parties exchanged in the *USA Video v. Movielink, LLC* case. Movielink has stated that it will not produce these documents, at least to the extent they were under seal in the *USA Video v. Movielink* case, without USA Video's written permission.

      Please understand that our client is not requesting USA Video to provide these documents to our client. The documents will be provided by Movielink.

      The specific documents at issue include the following docket entries from *USA Video v. Movielink, LLC* (for your convenience, a copy of the docket is enclosed herewith):

      1, 6, 10, 15, 49, 70, 78, 126, 131, 132, 133, 134, 135, 136, 137, 138, 139, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 158, 159, 165, 167, 168

      In addition, our client has requested Movielink to produce the following:

-     Expert report(s) of William H. Beckman;

-     Expert report(s) of Richard T. Mihran, Ph.D.;

-     Expert report(s) of Joseph A. Konstan, Ph.D.; and

-     Interrogatories to Movielink and Movielink's answers thereto.

NEW YORK ✦ LONDON ✦ HONG KONG ✦ CHICAGO ✦ WASHINGTON, D.C. ✦ BEIJING ✦ PARIS ✦ LOS ANGELES ✦ SAN FRANCISCO ✦ PHILADELPHIA ✦ PITTSBURGH

OAKLAND ✦ MUNICH ✦ ABU DHABI ✦ PRINCETON ✦ NORTHERN VIRGINIA ✦ WILMINGTON ✦ BIRMINGHAM ✦ DUBAI ✦ CENTURY CITY ✦ RICHMOND ✦ GREECE

FRXLIB-528665.1-MWWASSER 3/4/08 4:01 PM



**EXHIBIT**

J

Mr. Edwin Molina                                              **ReedSmith**
March 4, 2008
Page 2

Please let me know if USA Video will provide its written permission to allow our client to have access to the above documents.  I believe that a short e-mail will be sufficient.

I have e-mailed a copy of this letter to J. Andrew Huffman, Esq., USA Video's in-house patent counsel.

I have also e-mailed a copy of this letter to Scott Breedlove, who represents Movielink in the pending case.  If you would like to contact Scott, you can reach him at sbreedlove@velaw.com.

Thank you in advance for your cooperation in this matter and, of course, please let me know if you have any questions.

Very truly yours,

REED SMITH LLP

By: _Mann Wa_

Mark W. Wasserman

MWW:krk

cc:    J. Andrew Huffman, Esq. (*via electronic mail*)
        William R. Griffith, Esq. (*via electronic mail*)
        Matthew R. Sheldon, Esq.
        Scott Breedlove, Esq. (*via electronic mail*)

# ReedSmith

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

**Mark W. Wasserman**
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

March 10, 2008

BY ELECTRONIC MAIL

Mr. Edwin Molina
President and Chief Executive Officer
USA Video Interactive Corp.
8 West Main Street
Suite 3-12
Niantic, Connecticut 06357

Re:     *American Patent Development Corporation, LLC v. Movielink, LLC,* In the United States
        District Court for the District of Delaware, Civil Action No. 07-CV-605-JJF

Dear Mr. Molina:

Please let me know how USA Video wishes to respond to my letter dated March 4, 2008. I have attached a copy of that letter for your convenience.

Although I expect that any confidential information in these documents will belong to Movielink rather than USA Video, we can certainly protect the confidentiality of such information through the Stipulated Protective Order that Judge Farnan entered in this case. A copy is enclosed for your convenience.

Thank you again for your consideration. And, of course, please let me know if you have any questions.

Very truly yours,

REED SMITH LLP

By: *Mark Wasserman*

Mark W. Wasserman

MWW:krk

cc:     William R. Griffith, Esq. (*via electronic mail*)
        Matthew R. Sheldon, Esq.
        Scott Breedlove, Esq. (*via electronic mail*)



EXHIBIT

K

NEW YORK ◆ LONDON ◆ HONG KONG ◆ CHICAGO ◆ WASHINGTON, D.C. ◆ BEIJING ◆ PARIS ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ PHILADELPHIA ◆ PITTSBURGH

OAKLAND ◆ MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ BIRMINGHAM ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

r e e d s m i t h . c o m

FRXLIB-524344.1-MWWASSER 3/10/08 9:35 AM