IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,** ) ) ) ) Plaintiff, ) ) v. ) ) **MOVIELINK, LLC,** ) ) Defendant. ) ) | Civil Action No. 07-605-JJF |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF
MOTION TO AMEND SCHEDULING ORDER
REGARDING JOINING NEW PARTIES**

Plaintiff American Patent Development Corporation, LLC ("APDC"), by its counsel, files this opening brief in support of its Motion to Amend Scheduling Order Regarding Joining New Parties.

**I.   BACKGROUND.**

APDC, which owns U.S. Patent No. 5,400,402, filed this patent infringement action against Movielink, LLC ("Movielink") on October 2, 2007.

Two months before APDC filed this case, Movielink was acquired by Blockbuster, Inc. ("Blockbuster"). *See* Exhibit A.

In December, 2007, APDC served Movielink with a request for production of documents, including a request for production of documents relating to Movielink's acquisition by Blockbuster. Specifically, Request No. 44 provided:

**DOCUMENT REQUEST NO. 44:**

All documents reflecting, referring or relating to Movielink's acquisition by Blockbuster Inc. in approximately August, 2007.

Although Movielink produced some documents responsive to other document requests, it failed to produce any documents or information on the Blockbuster-Movielink acquisition.

APDC expects that Movielink will produce the requested documents shortly.

Paragraph 2 of the current Scheduling Order fixes March 31, 2008 as the deadline for filing motions to join new parties. *See* Exhibit B.

## II.  THE COURT SHOULD EXTEND THE TIME TO FILE MOTIONS TO ADD NEW PARTIES.

APDC may file a motion to add Blockbuster as an additional party-defendant.

APDC's decision to file such a motion depends, in part, on the contents of the Blockbuster – Movielink acquisition documents that APDC requested months ago.

APDC hopes that Movielink will produce the requested documents, and that Movielink will do so without the Court's intervention.

APDC, therefore, respectfully requests the Court to extend the time to add new parties from March 31, 2008 to May 30, 2008. APDC's request does not affect any other deadlines in the current Scheduling Order.

## CONCLUSION

Plaintiff respectfully requests the Court to amend paragraph 2 of the Rule 16 Scheduling Order to extend the time to file motions to join new parties from March 31, 2008 to May 30, 2008.

Dated: March 31, 2008

        REED SMITH LLP

        By:   */s/ Thad J. Bracegirdle*
           Thad J. Bracegirdle (Del. No. 3691)
           1201 Market Street
           Suite 1500
           Wilmington, Delaware 19801
           (302) 778-7500 (Telephone)
           (302) 778-7575 (Fax)
           E-mail: tbracegirdle@reedsmith.com

        Mark W. Wasserman (*admitted pro hac vice*)
        Matthew R. Sheldon (*admitted pro hac vice*)
        Reed Smith LLP
        3110 Fairview Park Drive
        Suite 1400
        Falls Church, Virginia 22042
        (703) 641-4200 (Telephone)
        (703) 641-4340 (Fax)
        E-mail: mwasserman@reedsmith.com
                  msheldon@reedsmith.com

        Counsel for Plaintiff, American Patent
        Development Corporation, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**MOVIELINK, LLC,**<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-605-JJF<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing ***Plaintiff's Opening Brief in Support of Motion to Amend Scheduling Order Regarding Joining New Parties*** with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jeffrey L. Moyer, Esq.
> Richards, Layton & Finger, P.A.
> One Rodney Square
> Wilmington, Delaware  19899
>
> Scott W. Breedlove, Esq.
> Vinson & Elkins LLP
> Trammel Crow Center
> 2001 Ross Avenue, Suite 3700
> Dallas, Texas  75201

　　　　　　　　　　　　REED SMITH LLP

　　　　　　　　　　　　By:　*/s/ Thad J. Bracegirdle*
　　　　　　　　　　　　　　Thad J. Bracegirdle (Del. No. 3691)
　　　　　　　　　　　　　　1201 Market Street, Suite 1500
　　　　　　　　　　　　　　Wilmington, Delaware  19801
　　　　　　　　　　　　　　(302) 778-7500
　　　　　　　　　　　　　　E-mail:  tbracegirdle@reedsmith.com

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM 8-K/A

### CURRENT REPORT
Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

Date of report (Date of earliest event reported) August 8, 2007

# BLOCKBUSTER INC.
(Exact Name of Registrant as Specified in Its Charter)

| DELAWARE | 001-15153 | 52-1655102 |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

1201 Elm Street
Dallas, Texas
(Address of principal executive offices)

75270
(Zip Code)

(214) 854-3000
(Registrant's telephone number, including area code)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

EXHIBIT A

**Item 9.01**    **Financial Statements and Exhibits.**

On August 8, 2007, Blockbuster Inc. ("Blockbuster") completed the acquisition (the "Acquisition") of all of the outstanding membership interests of Movielink, LLC ("Movielink"), an online movie downloading business. Pursuant to Item 9.01 of Form 8-K, the Company indicated that it would file certain financial information no later than the date by which such information is required. This amendment is filed to provide such required financial information.

(a) Financial statements of businesses acquired—Included herein as Exhibit 99.1 are the:

    (1) audited Financial Statements for Movielink as of December 31, 2006 and 2005 and for the years then ended and the accompanying report of independent auditors; and

    (2) unaudited Financial Statements for Movielink as of June 30, 2007 and for the six months ended June 30, 2007 and 2006.

(b) Pro forma financial information—Included herein as Exhibit 99.2 are the unaudited pro forma condensed combined balance sheet as of July 1, 2007 and unaudited pro forma condensed combined statements of operations for the twenty-six week period ended July 1, 2007 and the fiscal year ended December 31, 2006.

(d) Exhibits.

| Exhibit No. | Description |
|---|---|
| 23.1 | Consent of PricewaterhouseCoopers LLP. |
| 99.1 | Movielink, LLC historical financial statements for the six month periods ended June 30, 2007 and 2006, and the years ended December 31, 2006 and 2005 and the accompanying report of independent auditors. |
| 99.2 | Blockbuster Inc. unaudited pro forma condensed combined balance sheet as of July 1, 2007 and unaudited pro forma condensed combined statements of operations for the twenty-six week period ended July 1, 2007 and the fiscal year ended December 31, 2006 with respect to the acquisition of Movielink, LLC. |

## SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

BLOCKBUSTER INC.

Date: October 24, 2007

By: /s/ Thomas Casey
Thomas Casey
Executive Vice President and Chief Financial Officer

## EXHIBIT INDEX

| Exhibit No. | Description |
|---|---|
| 23.1 | Consent of PricewaterhouseCoopers LLP. |
| 99.1 | Movielink, LLC historical financial statements for the six month periods ended June 30, 2007 and 2006, and the years ended December 31, 2006 and 2005 and the accompanying report of independent auditors. |
| 99.2 | Blockbuster Inc. unaudited pro forma condensed combined balance sheet as of July 1, 2007 and unaudited pro forma condensed combined statements of operations for the twenty-six week period ended July 1, 2007 and the fiscal year ended December 31, 2006 with respect to the acquisition of Movielink, LLC. |



(16)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOVIELINK, LLC,<br><br>Defendant. | Civil Action No. 07-605-JJF |

### RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by January 17, 2008 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before March 31, 2008.

3. **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by May 30, 2008.

    (b) Maximum of 25 interrogatories, including contention interrogatories, for each side.

    (c) Maximum of 35 requests for admission by each side.

EXHIBIT B



(d) Each party is limited to a total of 40 hours of deposition testimony, excluding expert depositions. Depositions of individuals taken pursuant to Fed. R. Civ. P. 30(b)(1) are limited to seven hours. Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) may exceed seven hours, but each party is limited to a total of 14 hours of deposition testimony to be taken pursuant to Fed. R. Civ. P. 30(b)(6). Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed. Depositions shall be completed by July 31, 2008.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party having the burden of proof by October 15, 2008; opposition reports are due by November 14, 2008.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

(g) A party shall not refuse to permit or provide discovery on the ground that the Court has not yet made a final ruling on claim construction.

(h) Experts shall be permitted to supplement their expert reports based on the Court's claim construction if done within 21 days of the Court's final ruling on claim construction. Experts who supplement their reports must be made available for deposition within 14 days after their supplemental reports, and such deposition shall be limited to topics directly related to any material that was revised or added in the supplemental report.

4. **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant



seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

    (b)    At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

    (c)    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

5.    **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before June 30, 2008.

6.    **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before January 15, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Markman.** A Markman Hearing will be scheduled at request of parties. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing. The parties have further agreed to the following:

    (a)    On or before July 16, 2008, the parties shall meet and confer to attempt to determine to the greatest extent possible the claim terms which will need to be construed by the Court, and to determine the extent of any disagreement on the meaning of claim terms.

    (b)    On or before August 13, 2008, the parties shall file and serve their opening claim construction briefs.



(c)    On or before September 10, 2008, the parties shall file and serve their responsive briefs on claim construction.

8.    **Application by Motion.**

(a)    Any publications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

\_\_1-16-08\_\_  \_\_\_/s/ Joseph J. Farnan\_\_\_
Date  Joseph J. Farnan, United States District Judge