IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MOVIELINK, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-605-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO COMPEL DISCOVERY**

Plaintiff American Patent Development Corporation, LLC ("APDC"), by its counsel, files this reply brief in support of its Motion to Compel Discovery from defendant Movielink, LLC ("Movielink").

**I.     INTRODUCTION.**

Movielink asserts, in conclusory fashion, that APDC should not have filed this motion to compel because the parties should "work together to resolve this dispute concerning just four categories of documents."

The fact is that APDC *did* work with Movielink to try to obtain the disputed discovery. Prior to filing this motion, however, Movielink had not produced *any* of the disputed discovery, and it would not agree to do so by a date certain.

Moreover, it is difficult to understand the basis for Movielink's claim that APDC somehow violated Local Rule 7.1.1. As reflected in APDC's opening brief, APDC wrote to Movielink on numerous occasions, including on February 15 (Exhibit C); February 29 (Exhibit D); March 10 (Exhibit F); and March 11 (Exhibit G). APDC even informed

Movielink on February 29 that if Movielink had "not produced all previously requested documents or provided an agreeable date by which it will do so, APDC will seek appropriate relief from the Court." *See* Exhibit D.

### A.  Movielink's "Small Size" and APDC's Alleged "Delay."

Movielink laments that it "was once a much larger company with significantly greater resources to search for and produce requested documents . . . ." as if this somehow justifies its failure to provide discovery. Movielink's Response, p. 2.

Movielink, however, is not as small a company as it suggests. Movielink is a wholly-owned subsidiary of Blockbuster, Inc., a publicly-traded company. And, in any event, Movielink is much larger than APDC, which is owned by a small group of family members.

Movielink also complains about APDC's alleged "delay" in filing this case. It is hard to understand what any such "delay" has to do with Movielink's discovery responses.[1]

### B.  The Court Should Order Movielink to Produce Documents Relating to the Nature of the Systems at Issue in this Case.

Requests Nos. 7 and 13 seek documents relating to the structure, architecture, operation and/or functionality of Movielink's systems (No. 7), and how Movielink transmits data from its head/end central facility to its users (No. 13).

It is true that Movielink produced *some* information responsive to request Nos. 7 and 13 *after* APDC filed this motion.

---

[1] If there has been any delay relating to this motion, it is Movielink's. Movielink should have filed its response brief on April 1, rather than on April 3, 2008. APDC had to file this reply one day after Movielink served its response brief.

2

The information sought in request Nos. 7 and 13 is clearly discoverable, and Movielink has not claimed to the contrary. The Court should order Movielink to produce the requested information except to the extent Movielink has already done so.

Request No. 12 specifically seeks documents concerning protocols executed by Movielink's software relating to (a) accepting customer requests to rent or purchase video content; (b) processes for fulfilling such customer requests, including delivering video content to customers; or (c) authorizing or blocking a customer's viewing of video content.

In its response, Movielink states that "Movielink does not have any proprietary protocol." *See* response, p. 4. Movielink also states its "primary" protocol is http, and that Fulfillment System uses the SOAP protocol.

Movielink's response brief, therefore, does not directly address APDC's specific document request.

To make matters even less clear, Movielink's affiant, Mr. Anderson, states that "other than the documents that I have already provided to counsel, I am not aware of any additional responsive documents for this request. . . ." *See* Anderson Declaration, ¶ 12 (attached to Movielink's response as Exhibit A).

Movielink's responses, therefore, appear to be inconsistent. On the one hand, Movielink states in its response brief that it has no "proprietary" protocol. On the other hand, Mr. Anderson states that he has provided some documents to his (Movielink's) counsel.

Yet no documents have been produced to APDC.

The Court should enter an Order compelling Movielink to produce the documents requested pursuant to request No. 12.

### C.    The Court Should Order Movielink to Produce Pleadings from the *USA Video* Case.

As set forth in APDC's opening brief, at Movielink's request, APDC narrowed its original request for all pleadings in the *USA Video* case to 37 specific pleadings. None have been produced, at least to the extent these pleadings were filed under seal.

Movielink states that it "does not object to the Order compelling production" of the 37 pleadings APDC requested from the *USA Video* case. If USA Video had any concerns regarding the production of these documents, it would have responded to APDC's letters. In addition, APDC provided USA Video with a copy of the present motion to compel. *See* Exhibit L attached hereto. USA Video had not responded in any way.

The Court should enter such an Order compelling the production of information responsive to request No. 43.

### D.    Movelink's Production in the *USA Video* Case.

Although APDC has requested Movielink to produce certain specific documents from the *USA Video* case, APDC has not requested Movielink to produce its entire production in the *USA Video* case.

Indeed, if Movielink's strategy holds true, it would characterize a request for the entire *USA Video* production as "overbroad" and "burdensome."

If portions of Movielink's production from the *USA Video* case are responsive to APDC's requests, those documents (and not the entire production) should be produced in this case. The Court should enter an Order accordingly.

4

**II.     CONCLUSION.**

Plaintiff, American Patent Development Corporation, LLC, by counsel, respectfully requests the Court to enter an Order compelling defendant to produce all documents and information in its possession, custody or control that are responsive to request Nos. 7, 12, 13, and 43.

Dated: April 4, 2008

                REED SMITH LLP

                By:     */s/ Thad J. Bracegirdle*
                Thad J. Bracegirdle (Del. No. 3691)
                1201 Market Street
                Suite 1500
                Wilmington, Delaware  19801
                (302) 778-7500 (Telephone)
                (302) 778-7575 (Fax)
                E-mail:  tbracegirdle@reedsmith.com

                Mark W. Wasserman (*admitted pro hac vice*)
                Matthew R. Sheldon (*admitted pro hac vice*)
                Reed Smith LLP
                3110 Fairview Park Drive
                Suite 1400
                Falls Church, Virginia  22042
                (703) 641-4200 (Telephone)
                (703) 641-4340 (Fax)
                E-mail:  mwasserman@reedsmith.com
                        msheldon@reedsmith.com
                Counsel for Plaintiff, American Patent
                Development Corporation, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,** | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-605-JJF |
| v. | ) ) | |
| **MOVIELINK, LLC,** | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed the foregoing

*Plaintiff's Reply Brief in Support of Its Motion to Compel Discovery* with the Clerk of

Court using CM/ECF which will send notification of such filing to the following counsel

of record:

        Jeffrey L. Moyer, Esq.
        Richards, Layton & Finger, P.A.
        One Rodney Square
        Wilmington, Delaware 19899

        Scott W. Breedlove, Esq.
        Vinson & Elkins LLP
        Trammel Crow Center
        2001 Ross Avenue, Suite 3700
        Dallas, Texas 75201

                    REED SMITH LLP

                    By: */s/ Thad J. Bracegirdle*
                       Thad J. Bracegirdle (Del. No. 3691)
                       1201 Market Street, Suite 1500
                       Wilmington, Delaware 19801
                       (302) 778-7500
                       E-mail: tbracegirdle@reedsmith.com

# ReedSmith

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
+1 703 641 4200
Fax +1 703 641 4340

**Mark W. Wasserman**
Direct Phone: 703.641.4229
Email: mwasserman@reedsmith.com

March 25, 2008

VIA ELECTRONIC MAIL

Mr. Edwin Molina
President and Chief Executive Officer
USA Video Interactive Corp.
8 West Main Street
Suite 3-12
Niantic, Connecticut 06357

    Re: *American Patent Development Corporation, LLC v. Movielink, LLC*, In the United States District Court for the District of Delaware, Civil Action No. 07-CV-605-JJF

Dear Mr. Molina:

I have enclosed a copy of the following pleadings filed and served in the above-captioned case:

1. Plaintiff's Motion to Compel Discovery;

2. Plaintiff's Memorandum in Support of its Motion to Compel Discovery; Exhibits A-K; and

3. Plaintiff's Notice of Hearing.

    Very truly yours,

    REED SMITH LLP

    By: *[signature]*
    Mark W. Wasserman

MWW:krk
Enclosures
cc: William R. Griffith, Esq. (*via electronic mail w/o encls.*)
    Matthew R. Sheldon, Esq. (w/o encls.)
    Scott Breedlove, Esq. (*via electronic mail w/o encls.*)

**EXHIBIT L**

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

FRXLIB-526538.2-MWWASSER 3/25/08 10:18 AM