IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 07-605 JJF |
| MOVIELINK LLC, | § § § | |
| Defendant. | § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Movielink, LLC has requested that the Custodian of Records for G.F. Management Corp. produce the documents requested in Attachment A of the attached Subpoena (Exhibit 1 hereto) on May 12, 2008 at 10:00 a.m. at the offices of Richards, Layton & Finger, One Rodney Square, Wilmington, DE 19801.

OF COUNSEL:
Scott W. Breedlove
Alyson Gregory
David Tobin
Vinson & Elkins LLP
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
214-220-7700

/s/ Jeffrey L. Moyer
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
302-651-7700
Attorneys for Defendant Movielink, LLC

Dated: May 1, 2008

RLF1-3278087-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND DELIVERY:

Thad J. Bracegirdle
Reed Smith LLP
1201 Market Street
Wilmington, Delaware 19801

I hereby certify that on May 1, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS:

Mark W. Wasserman
Matthew R. Sheldon
Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia 22042

_____
Jeffrey L. Moyer (#3309)

RLF1-3238599-1

# EXHIBIT 1

RLF1-3278098-1

Issued by the

# UNITED STATES DISTRICT COURT
### District of Delaware

| | |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,**<br>Plaintiff<br>v.<br>**MOVIELINK, LLC,**<br>Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]   07-605-JJF |

TO:   Custodian of Records, G.F. Management Corp.

   Serve:  The Prentice-Hall Corporation System – Registered Agent
           2711 Centerville Road, Suite 400
           Wilmington, DE 19808
           Phone: (302) 636-5400

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto.

| PLACE<br>**Offices of Richards, Layton & Finger**<br>**One Rodney Square**<br>**P.O. Box 551**<br>**Wilmington, DE 19899** | DATE AND TIME<br>**May 12, 2008 at 10:00 a.m.** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Defendant | April 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey L. Moyer
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Phone: 302.651.7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

RLF1-3278127-1

| PROOF OF SERVICE |||
|---|---|---|
| | DATE | PLACE |
| SERVED | 4/30/08 | C/O CORPORATION SERVICE CO 2711   CENTERVILLE RD. WILMINGTON, DE |
| SERVED ON (PRINT NAME) || MANNER OF SERVICE |
| G.F. MANAGEMENT CORP || ACCEPTED BY   MARY DRUMMOND |
| SERVED BY (PRINT NAME) || TITLE |
| KEVIN S. DUNN || PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on     4/30/08
                    DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsof the premises If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuarito an order of the court by which the subpoena was issued If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that.

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial. the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

    A.    The term "G.F. Management Corp.," "You," or "Your" shall mean G.F. Management Corp. and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants, or other persons acting or purporting to act on its behalf.

    B.    The terms "Garfinkle Limited Partnership II" shall mean Garfinkle Limited Partnership II and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants, or other persons acting or purporting to act on its behalf.

    C.    The term "APDC" shall mean American Patent Development Corporation LLC and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants, or other persons acting or purporting to act on its behalf.

    D.    The term "Movielink" shall mean Movielink LLC, including its officers, directors, employees, and agents.

    E.    The term "the '402 patent" shall mean United States Patent No. 5,400,402.

    F.    "Person" or "persons" shall mean any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization, or entity, including all governmental entities, agencies, officers, and departments.

    G.    "Related Application" shall mean any application in the prosecution history of the '402 patent (including parent, grandparent, or other predecessor application), and all applications related to the referenced patent, any continuations, continuations-in-part, divisions, interferences, reexaminations, reissues, parents, foreign counterpart applications, and any other applications disclosing, describing, or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

    H.    "Related Patent" shall mean any and all patents, including any patents which may have been opposed, contested, or subjected to any nullity proceedings, based upon any Related Application.

    I.    "Foreign Counterpart" refers to any and all non-U.S. patents corresponding to or claiming priority from the '402 patent, any application related to the '402 patent, or the subject matter of the '402 patent, regardless of whether such application is now abandoned.

    J.    "Prior art" shall mean all documents and activities that constitute, describe, or refer to the subject matter of the '402 patent prior to the filing date of such patent, including any products containing the same. By way of example, and without limitation, the term "prior art" includes the subject matter described in 35 U.S.C. §§102 and 103, including publications, patents, physical devices, prototypes, uses, sales, and offers for sale and any document or thing

evidencing any of the foregoing, whether before or after any alleged reduction to practice date, including all documents relating, referring, or evidencing the same.

K. The term "infringe" or "infringement" in any tense or form of the word refers to any form of infringement actionable under United States law, including, without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

L. "Document" and "thing" have the meaning prescribed in Fed. R. Civ. P. 34.

M. "Date" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events) thereof.

N. The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or related to," "referring to," "regarding," and "refer or relate to" are to be given the broadest possible meaning, including but not limited to: in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any ay touching upon.

O. "Communication" shall mean any transmission, exchange or transfer or information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs, and sound.

P. "And" and "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these Interrogatories any document that would otherwise not be brought within their scope.

Q. "Including" shall mean including but not limited to.

R. "Any" or "each" should be understood to include and encompass "all."

S. The singular used herein shall include the plural and the masculine gender shall include the feminine and the gender neutral.

## DOCUMENTS/THINGS FOR PRODUCTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are hereby commanded to produce the following documents and things:

1. All communications, and all documents relating to communications, between G.F. Management Corp. and any of the following: Garfinkle Limited Partnership II, APDC, eSynch Inc., and/or Movielink that relate to the '402 patent or the alleged invention described therein.

2. All documents related to G.F. Management Corp.'s acquisition or conveyance of any ownership interest or license in the '402 patent.

3. Documents sufficient to identify the relationship and all agreements between G.F. Management Corp. and Norton Garfinkle.

4. All documents and things reflecting the organizational structure and charts showing employee titles and/or reporting lines at G.F. Management Corp.

5. All documents and things relating to the conception and/or reduction to practice of each claim of the '402 patent.

6. All documents and things relating to the development of any method, process, product, or apparatus incorporating the subject matter described or claimed in the '402 patent, including, but not limited to, any invention disclosure, record of invention, laboratory notebook, technical report, technical note, research report, or other document relating to laboratory work, research, development, or other technical or scientific results, observations, or conclusions.

7. All documents and things relating to or considered in connection with the preparation, filing, or prosecution of the '402 patent and/or any Related Patent, including, but not limited to, all notes, memoranda, files, drawings, correspondence, e-mails, file histories and portions thereof, and communications with the U.S. Patent and Trademark Office or any foreign patent office.

8. All documents relating to the determination of inventorship for any invention claimed in the '402 patent.

9. All documents and things relating to any analysis, evaluation, study, report, or opinion relating to any claim or the interpretation of any claim of the '402 patent.

10. All documents and things relating to any prior art searches or patent searches requested, run, or conducted in connection with the '402 patent or the subject matter contained therein.

11. All documents and things known to G.F. Management Corp., believed by G.F. Management Corp., or contended by anyone else to constitute prior art to the alleged invention in any claim of the '402 patent, and all documents and things that refer or relate to such prior art.

12. All documents and things that refer or relate to any research, development, or testing of the subject matter of the '402 patent.

13. All financial documents, including but not limited to budget forecasts, that refer or relate to the '402 patent or any product covered by any claim of the '402 patent.

14. All documents and things referring to or comprising communications in which the '402 patent, or any product covered by any claim of the '402 patent, is referenced or discussed.

15. All licenses agreements, license negotiations, and related documents that refer or relate to the '402 patent or any Related Patent, patent application, or the subject matter of the '402 patent.

16. All documents that refer or relate to each product that you or any of your assignees or licensees have ever made, used, sold, marketed, distributed, or offered for sale that is covered by any claim of the '402 patent.

17. All documents that refer or relate to any royalties received by G.F. Management Corp. as a result of the licensing of the '402 patent.

18. All documents and things that refer or relate to any Movielink system or service including, but not limited to, any trial or testing of any Movielink system or service or any reports or other write-ups on any Movielink system or service.

19. All documents and things relating to the first offer for sale, sale, public use, or public disclosure of the claimed invention in the '402 patent or any product covered by any claim of the '402 patent.

20. All documents and things that refer or relate to Blockbuster's acquisition of Movielink.

21. All documents and things which tend to establish that the subject matter claimed in the '402 patent would or would not have been obvious to a person of ordinary skill in the art at the time the invention claimed in the '402 patent or application was made, including, but not limited to, any documents and things relating to the secondary considerations of nonobviousness, such as:

    a. commercial success of products due to the incorporation of subject matter claimed in the patent or application;

    b. any long-standing problem or need which the subject matter claimed in the patent or application allegedly solves;

    c. the failures of designers, manufacturers, or users to satisfy any such long-standing problem or need;

    d. copying of the subject matter claimed in the patent or application;

    e. licensing of the subject matter claimed in the patent or application;

    f. unexpected results achieved by use of the subject matter claimed in the patent or application; and

    g. skepticism of the merits of the subject matter claimed in the patent or application.

22. All documents and things relating to discussions or communications between you and any third party concerning the '402 patent or patent application.

23. All documents and things relating to the title or ownership of the '402 patent or patent application, including, but not limited to, assignments and licenses.

24. All documents and things relating to the promotion or marketing of the subject matter described or claimed in the '402 patent, including, but not limited to, press releases, publicity releases, trade releases, new product releases, trade notices, catalogs, catalog sheets, sales literature, advertising and promotional materials.

25. All documents or things that constitute or relate to any prototype system, method, process, or device that embodies the subject matter claimed in the '402 patent.

26. All documents that reflect or refer to policies, programs, or activities for the protection of G.F. Management Corp.'s intellectual property rights.

27. All documents that reflect or refer to policies, programs, or activities for the licensing of G.F. Management Corp.'s intellectual property rights.

28. All documents relating to any efforts by you to enforce the '402 patent against anyone.

29. All communications, and all documents relating to communications, between Thomas Hemingway and Norton Garfinkle or any entity in which Norton Garfinkle possessed (or possesses) an ownership interest, relating to the '402 patent or the alleged invention described therein.

30. All documents relating to Mr. Garfinkle's positions as a member of the Board of Directors of eSynch and as product development consultant to eSynch.

31. All documents relating to licensing (including terminating licensing) intellectual property, including the '402 patent, to eSynch including, but not limited to, contracts, correspondence, consideration received, infringement opinions and patent valuation studies.

32. All documents relating to Mr. Garfinkle developing with eSynch "jointly a generalized video-on-demand enhancement to the movies-on-demand hotel pay-for-view system software and source code which has been licensed royalty free by Oxford Management Corporation to Oxford Media Corporation . . . ."

33. All documents relating to the best mode of practicing the inventions claimed in the '402 patent.

34. All documents relating to any product or service that is competitive with, interchangeable with, or that constitutes a design for any product or service that you believe is covered by or embodies in whole or in part any claim of the '402 patent.

35. All documents relating to comments, statements, or representations made by G.F. Management Corp. or any other person about the features, performance, advantages, or disadvantages of any product or service that you believe is covered by or embodies in whole or in part any claim of the '402 patent.

36. All documents and things relating to actions, if any, undertaken by you or Norton Garfinkle from 2000 through 2007 to monitor the video-on-demand industry or any other industry in the United States for possible infringement of the '402 patent by anyone

Dallas 1395041v1