IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 07-605 JJF |
| MOVIELINK LLC, | § § | |
| Defendant. | § § | |

## MOVIELINK'S RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITIONS

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Movielink LLC ("Movielink") serves these Responses and Objections to Plaintiff's Amended Notice of Depositions ("Notice"). These Responses and Objections confirm and follow up on correspondence previously exchanged between counsel for the parties.

### GENERAL OBJECTIONS

Specific objections to the topics listed in American Patent Development Corporation LLC ("APDC")'s Notice are set forth in the individual responses below. In addition to such specific objections, Movielink makes the following general objections, which apply to all topics in Plaintiff's Notice:

1. Movielink objects to the Notice because it fails to state the method for recording the testimony as required by Federal Rule of Civil Procedure 30(b)(3)(A).

2. Movielink objects to the Notice's attempt to request "all documents previously requested but not produced" on the grounds that such a request is improper, vague, ambiguous, not stated with reasonable particularity, overly broad, and unduly burdensome. Movielink

-2-

further incorporates all of its previous objections to APDC's various document requests and refers to any Orders and agreements in this case related to document production.

3. Movielink objects to the Notice to the extent it seeks information protected, privileged, immune or otherwise exempt from discovery by the attorney-client privilege, common interest privilege, the joint defense privilege or any other privilege, the work-product doctrine, or any applicable state or federal statutes, the Federal Rules of Civil Procedure, or any other applicable rule, decision, or law.

4. Movielink objects to the Notice to the extent that the deposition topics seek information or attempts to impose obligations on Movielink beyond those permitted under the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, the Patent Rules or other applicable rules of law.

5. Movielink objects to the Notice to the extent that the deposition topics request irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence and is outside the scope of the Federal Rules.

6. Movielink objects to the definition of "System" or "Systems" as set forth in Plaintiff's First Set of Interrogatories on the grounds that it would render the deposition topics overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7. Movielink objects to the Notice to the extent that Plaintiff's definitions and the deposition topics are vague, ambiguous, overly broad, duplicative, fail to reasonably identify the information sought, unduly burdensome, and posed for improper purposes, including, without limitation, embarrassment, undue annoyance, harassment, delay, or to increase the expense of litigation or to the extent they call for a legal conclusion or opinion.

8. Movielink objects to Plaintiff's definitions and deposition topics as being overly broad and unduly burdensome to the extent they seek the disclosure of information existing in the public domain and/or the possession, custody, or control of an entity other than Movielink.

## SPECIFIC RESPONSES TO DEPOSITION TOPICS

Movielink incorporates by reference its general objections set forth above into the specific objections set forth below. Movielink may repeat a general objection for emphasis or some other reason, but the failure to repeat any general objection does not waive any general objection as to any or all deposition topics.

**TOPIC NO. 1:** The architecture, structure, functionality, operation and design of Movielink's Systems including, without limitation, (i) how the video product is delivered to Movielink; (ii) how Movielink transmits the video product to the end user; (iii) the creation, content, transmission and storage of any license or license string; (iv) the operation of the Movielink Manager software and Movielink website; and (v) the determination of the authority to play and the playback of the transmitted video product.

**RESPONSE:**

Movielink objects to this topic to the extent it seeks confidential financial and/or proprietary information of a third party and to the extent it seeks disclosure of documents or agreements prohibited by a third party's rights or an agreement with a third party. Movielink further objects to sub-topic (iv) on the grounds that it is overbroad, irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 2:** Any documents produced by Movielink relating to the matters described in paragraph 1 above.

**RESPONSE:**

-4-

Movielink incorporates its Response to Topic No. 1 above. In addition, Movielink objects to this topic as overly broad and unduly burdensome.

**TOPIC NO. 3:** The revenue Movielink has received in connection with its Systems from January 1, 2001 to the present from rental of video content (Movielink's Video-on-Demand, or VOD, service), and the gross and net profit associated therewith.

**RESPONSE:**

Movielink objects to this topic on the grounds that it is vague and ambiguous.

**TOPIC NO. 4:** Movielink's future revenue projections in connection with its Systems for rental video content (Movielink's Video-on-Demand, or VOD, service), and the gross and net profit associated therewith.

**RESPONSE:**

Movielink objects to this topic on the grounds that it is vague, ambiguous, overbroad, irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 5:** The extent and nature of any communication between APDC and Movielink prior to this action.

**RESPONSE:**

Movielink incorporates its general objections.

**TOPIC NO. 6:** Any actions Movielink took between September 12, 2002 and the filing of this action to determine whether it was infringing the '402 patent.

**RESPONSE:**

Movielink objects to this topic to the extent that it seeks information that is protected by the attorney-client privilege and work-product doctrine.

-5-

**TOPIC NO. 7:**    Movielink's responses to APDC's interrogatories in this action.

**RESPONSE:**

Movielink objects to this topic to the extent that it seeks information that is protected by the attorney-client privilege and work-product doctrine. Movielink further objects to this topic on the grounds that it is vague and unduly burdensome.

**TOPIC NO. 8:**    The nature, location, and extent of all documents and information reflecting, referring, or relating to the above matters, and the genuineness of such documents and/or information.

**RESPONSE:**

Movielink objects to this topic to the extent that it seeks information that is protected by the attorney-client privilege and work-product doctrine. Movielink further objects to this topic on the grounds that it is overbroad, irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Movielink also objects to this topic as duplicative of previous discovery in this action.

-5-
RLF1-3302900-1

|  |  |
|---|---|
| OF COUNSEL: | /s/ Jeffrey L. Moyer |
|  | Jeffrey L. Moyer (#3309) |
| Scott W. Breedlove | moyer@rlf.com |
| Andrew E. Jackson | Richards, Layton & Finger, P.A. |
| David J. Tobin | One Rodney Square |
| Vinson & Elkins LLP | Wilmington, DE 19899 |
| Trammel Crow Center | 302-651-7700 |
| 2001 Ross Avenue, Suite 3700 | *Attorneys for Defendant Movielink, LLC* |
| Dallas, TX 75201-2975 |  |
| Tel: 214-220-7700 |  |
| Fax: 214-220-7716 |  |
| Email: sbreedlove@velaw.com |  |
| Email: ajackson@velaw.com |  |
| Email: dtobin@velaw.com |  |

Dated: July 16, 2008

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND DELIVERY**

Thad J. Bracegirdle
Reed Smith LLP
1201 Market Street
Wilmington, Delaware 19801

Jeffrey L. Moyer (#3309)