IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN PATENT DEVELOPMENT CORPORATION LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 07-605 JJF |
| MOVIELINK LLC, | § § § | |
| Defendant. | § | |

**NOTICE OF DEPOSITION OF**
**AMERICAN PATENT DEVELOPMENT CORPORATION LLC**

**TO:**  Thad J. Bracegirdle                     Mark W. Wasserman
        Reed Smith LLP                           Matthew R. Sheldon
        1201 Market Street                       Reed Smith LLP
        Wilmington, Delaware  19801              3110 Fairview Park Drive
                                                 Suite 1400
                                                 Falls Church, Virginia  22042

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Movielink LLC will take the oral deposition of a witness or witnesses designated by American Patent Development Corporation LLC ("APDC") as the person or persons most knowledgeable with respect to the matters described in the attached Exhibit A. The deposition will commence on Thursday, August 14, 2008, at 9:00 a.m. at the law offices of Reed Smith LLP, 599 Lexington Avenue, 22nd Floor, New York, NY 10022 and will continue day-to-day until completed. The deposition shall be taken, under oath, by a certified court reporter authorized to conduct such a deposition. The deposition testimony will be recorded videographically and stenographically.

The matters on which the deponent(s) will be examined are set forth in the attached Exhibit A. APDC is requested to designate one or more officers, directors, managing agents or

2

other persons who consent to testify on their behalf, and for each person designated, to set forth the matters on which the person will testify.

/s/ Jeffrey L. Moyer
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302-651-7700
*Attorneys for Defendant Movielink, LLC*

OF COUNSEL:

Scott W. Breedlove
David Tobin
Andrew Jackson
Vinson & Elkins LLP
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
214-220-7700

Dated: August 4, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND DELIVERY:

Thad J. Bracegirdle
Reed Smith LLP
1201 Market Street
Wilmington, Delaware 19801

I hereby certify that on August 4, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS:

Mark W. Wasserman
Matthew R. Sheldon
Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia 22042

Jeffrey L. Moyer (#3309)

RLF1-3238599-1

# EXHIBIT A

# EXHIBIT A

## DEFINITIONS

a. The term "'402 Patent" shall mean United States Patent No. 5,400,402.

b. The term "APDC" shall mean Plaintiff American Patent Development Corporation LLC, and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants, or other persons acting or purporting to act on its behalf.

c. The term "Movielink" means Movielink LLC, including its officers, directors, employees, and agents.

d. "Prior art" means all documents and activities that constitute, describe, or refer to the subject matter of the '402 patent prior to the filing date of such patent, including any products containing the same. By way of example, and without limitation, the term "prior art" includes the subject matter described in 35 U.S.C. §§102 and 103, including publications, patents, physical devices, prototypes, uses, sales, and offers for sale and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date, including all documents relating, referring, or evidencing the same.

e. The terms "validity" and "enforceability" are used in their broadest sense permitted under the Patent Act.

f.  The terms "relating to" and "regarding" are to be given the broadest possible meaning, including but not limited to: in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any ay touching upon.

g.  "Communications" mean any transmission, exchange or transfer or information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs, and sound.

h.  "And" and "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these deposition topics any document that would otherwise not be brought within their scope.

i.  "Any" or "each" should be understood to include and encompass "all."

**DEPOSITION TOPICS**

The '402 Patent including, but not limited, the limitations and meaning of the terms and claims.

The preparation and/or prosecution of the '402 Patent application.

Any and all prior art relating to the '402 Patent and/or considered during the '402 Patent application process.

The '402 Patent's history of ownership and assignments.

The conception and reduction to practice of each claim of the '402 Patent and the determination of inventorship of the '402 Patent.

2

The development of any method, process, product, or apparatus incorporating the subject matter of '402 patent.

The sale of any products produced that incorporate one or more claims of the '402 Patent.

Any communications with a third party regarding the '402 Patent or enforcement actions taken against a third party relating to infringement of the '402 Patent.

The licensing or attempted licensing of the '402 Patent to third parties including, but not limited to, revenue, licensing terms, and signatories to licensing contracts.

Any relationship between eSynch and APDC or its predecessors.

APDC's knowledge of the architecture, structure, functionality, operation and design of the Movielink system including, but not limited to, its understanding of the relationship between Movielink Movie Server and the Movielink Usage-Rule Server and the evolution of APDC's understanding of the Movielink system.

APDC's contentions regarding enforceability, validity, and infringement in this lawsuit.

APDC's alleged damages suffered due to Movielink's alleged infringement and method to calculate the alleged damages.

APDC's knowledge of the acquisition of Movielink by Blockbuster and circumstances relating to how APDC attained that knowledge.

Any factual basis for APDC's accusation that Movielink's alleged infringement is willful including, but not limited to, any notice of the '402 Patent provided to Blockbuster or Movielink.

- The organizational and corporate structure of APDC, Garfinkle Limited Partnership II, GF Management, Garfinkle LP or any other entity that held an ownership interest in the '402 Patent.
- The details of any pre-suit investigation performed by APDC of Movielink including, but not limited to, when APDC or its predecessor became aware of Movielink's allegedly infringing system and any other facts gathered by ADPC.
- Any and all non-privileged communications relating to or regarding Movielink.
- APDC's Privilege Log.
- APDC's responses to Movielink's interrogatories in this action.
- Any research, development, or testing of the subject matter of the '402 Patent.
- Any financial information relating to the '402 product or any product covered by any claim of the '402 Patent.
- The first offer for sale, sale, public use, or public disclosure of the claimed invention in the '402 Patent or any product covered by the '402 Patent.
- The promotion or marketing of the subject matter of the '402 Patent.
- APDC or its predecessor's actions in monitoring the video-on-demand industry for possible infringement of the '402 Patent.
- The best mode of practicing the inventions claimed in the '402 Patent.

RLF1-3308661-1