IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC**,<br><br>  Plaintiff,<br>v.<br><br>**MOVIELINK, LLC,**<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-605-JJF<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S NOTICE OF DEPOSITION OF AMERICAN PATENT DEVELOPMENT CORPORATION, LLC**

Plaintiff, American Patent Development Corporation, LLC ("Plaintiff" or "APDC"), by counsel, submits the following objections and responses to Defendant Movielink, LLC's 30(b)(6) notice of deposition:

**GENERAL OBJECTIONS**

Each of APDC's responses to Movielink's deposition notice is subject to, and without waiver of, the following General Objections. APDC specifically incorporates each of these General Objections into its specific responses to each of Movielink's Deposition Notice subjects, whether or not each such General Objection is expressly referred to in a specific response. APDC's responses are made without waiving any of these General Objections.

1. APDC objects to the notice to the extent a reasonable search and inquiry does not lead to the identification of a APDC employee with information or knowledge as to any part of a subject.

2. APDC objects to the subjects in the notice to the extent they seek information or knowledge that, based on a reasonable search and inquiry, appears either to never have existed or no longer exist at APDC.

1

3. APDC objects to the subjects in the notice to the extent they seek information that is protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity.

4. APDC objects to the subjects in the notice to the extent they improperly seek expert and contention discovery. APDC will provide expert discovery and contentions in accordance with the case schedule for this action.

5. APDC objects to the subjects in the notice to the extent they are duplicative of other discovery requested in this case, and to the extent discovery is more easily available through other less burdensome means.

6. APDC objects to the subjects in the notice to the extent they attempt to impose discovery obligations on APDC beyond those provided by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable rules.

7. APDC objects to Movielink's Deposition Notice to the extent that it seeks "each," "all," "complete" or "any" facts, circumstances or information that relate to a particular subject, on the ground that identifying "each," "all," "complete" or "any" facts, circumstances or information would be unduly burdensome, impractical and oppressive to the extent it seeks information neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8. APDC objects to these subjects as vague and ambiguous to the extent they include terms that are undefined. APDC will assume a reasonable meaning for each such term.

9. APDC objects to these subjects to the extent they call for confidential information of third parties that cannot be disclosed by APDC because of contractual obligations.

10. APDC objects to these subjects to the extent they require, relate to, or call for claim

construction as such construction is to be determined by the court.

11.     APDC objects to these subjects as being overbroad, unduly burdensome and oppressive to the extent they are unlimited in time.

## TOPICS, SPECIFIC OBJECTIONS AND RESPONSES

APDC incorporates by reference its General Objections set forth above into the specific objections set forth below.  APDC may repeat a General Objection for emphasis or some other reason, but the failure to repeat any General Objection does not wave any General Objection as to any or all deposition topics.

**TOPIC NO. 1:**  The '402 Patent including, but not limited, the limitations and meaning of the terms and claims.

**RESPONSE:**  APDC objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  APDC further objects to this topic as inappropriate for a 30(b)(6) deposition to the extent it improperly seeks expert discovery.  APDC further objects to this topic to the extent it calls for a witness to provide legal opinions or conclusions.  APDC will provide expert discovery in accordance with the Federal Rules and the Scheduling Order entered in this action.

**TOPIC NO. 2:**   The preparation and/or prosecution of the '402 Patent application.

**RESPONSE:**  APDC objects to this topic on the grounds that it is vague and overbroad.

**TOPIC NO. 3:**  Any and all prior art relating to the '402 Patent and/or considered during the '402 Patent application process.

**RESPONSE:**  APDC objects to this topic as inappropriate for a 30(b)(6) deposition to the extent it improperly seeks expert discovery.  APDC further objects to the extent this topic calls for a

witness to provide legal opinions or conclusions.  APDC will provide expert discovery in accordance with the Federal Rules and the Scheduling Order entered in this action.

**TOPIC NO. 4:**  The '402 Patent's history of ownership and assignments.

**RESPONSE:**  APDC objects to this topic as it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 5:**  The conception and reduction to practice of each claim of the '402 Patent and the determination of inventorship of the '402 Patent.

**RESPONSE:**  APDC incorporates its general objections.

**TOPIC NO. 6:**  The development of any method, process, product, or apparatus incorporating the subject matter of '402 patent.

**RESPONSE:**  APDC objects to this topic as it is vague, overbroad and unduly burdensome.

**TOPIC NO. 7:**  The sale of any products produced that incorporate one or more claims of the '402 Patent.

**RESPONSE:**  APDC objects to this topic on the grounds that it is vague, overbroad and unduly burdensome.  APDC further objects to this topic as it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 8:**  Any communications with a third party regarding the '402 Patent or enforcement actions taken against a third party relating to infringement of the '402 Patent.

**RESPONSE:**  APDC objects to this topic as it is overbroad and unduly burdensome.  APDC further objects to this topic as it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 9:**  The licensing or attempted licensing of the '402 Patent to third parties including, but not limited to, revenue, licensing terms, and signatories to licensing contracts.

**RESPONSE:**  APDC objects to this topic as it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  APDC further objects to this topic to the extent it seeks confidential information of a third party and to the extent it seeks disclosure of documents or agreements prohibited by a third parties' rights.

**TOPIC NO. 10:**  Any relationship between eSynch and APDC or its predecessors.

**RESPONSE:**  APDC objects to this topic as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 11:**  APDC's knowledge of the architecture, structure, functionality, operation and design of the Movielink system including, but not limited to, its understanding of the relationship between Movielink Movie Server and the Movielink Usage-Rule Server and the evolution of APDC's understanding of the Movielink system.

**RESPONSE:**  APDC objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  APDC further objects to this topic as inappropriate for a 30(b)(6) deposition to the extent it improperly seeks expert discovery.  APDC further objects to the extent it seeks information protected by the work product privilege or the attorney client privilege.  APDC

further objects to the extent this topic calls for a witness to provide legal opinions or conclusions. APDC will provide expert discovery in accordance with the Federal Rules and the Scheduling Order entered in this action.

**TOPIC NO. 12:** APDC's contentions regarding enforceability, validity, and infringement in this lawsuit.

**RESPONSE:** APDC objects to this topic as inappropriate for a 30(b)(6) deposition to the extent it improperly seeks expert discovery. APDC further objects to the extent this subject calls for a witness to provide legal opinions or conclusions. APDC will provide expert discovery in accordance with the Federal Rules and the Scheduling Order entered in this action.

**TOPIC NO. 13:** APDC's alleged damages suffered due to Movielink's alleged infringement and method to calculate the alleged damages.

**RESPONSE:** APDC incorporates its general objections.

**TOPIC NO. 14:** APDC's knowledge of the acquisition of Movielink by Blockbuster and circumstances relating to how APDC attained that knowledge.

**RESPONSE:** APDC objects to this topic as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. APDC further objects to this topic to the extent it seeks information protected by the work product privilege or the attorney client privilege.

**TOPIC NO. 15:** Any factual basis for APDC's accusation that Movielink's alleged infringement is willful including, but not limited to, any notice of the '402 Patent provided to Blockbuster or

Movielink.

**RESPONSE:** APDC incorporates its general objections.

**TOPIC NO. 16:** The organizational and corporate structure of APDC, Garfinkle Limited Partnership II, GF Management, Garfinkle LP or any other entity that held an ownership interest in the '402 Patent.

**RESPONSE:** APDC objects to this topic as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 17:** The details of any pre-suit investigation performed by APDC of Movielink including, but not limited to, when APDC or its predecessor became aware of Movielink's allegedly infringing system and any other facts gathered by APDC.

**RESPONSE:** APDC objects to this topic on the grounds that it is vague and unduly burdensome. APDC further objects to this topic to the extent it seeks information protected by the work product privilege or the attorney client privilege.

**TOPIC NO. 18:** Any and all non-privileged communications relating to or regarding Movielink.

**RESPONSE:** APDC objects to this topic as it is vague, ambiguous, overbroad and unduly burdensome.

**TOPIC NO. 19:** APDC's Privilege Log.

**RESPONSE:** APDC objects to this topic to the extent it seeks information protected by the work product privilege or the attorney client privilege. APDC further objects to this topic as it is vague

and unduly burdensome.

**TOPIC NO. 20:**  APDC's responses to Movielink's interrogatories in this action.

**RESPONSE:**  APDC objects to this topic to the extent it seeks information that is protected by the work product privilege or the attorney client privilege.  APDC further objects to this topic on the grounds that it is vague and unduly burdensome.  APDC also incorporates its objections to Movielink's interrogatories into this response.

**TOPIC NO. 21:**  Any research, development, or testing of the subject matter of the '402 Patent.

**RESPONSE:**  APDC objects to this topic to the extent it seeks information that is protected by the work product privilege or the attorney client privilege.  APDC further objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.

**TOPIC NO. 22:**  Any financial information relating to the '402 product or any product covered by any claim of the '402 Patent.

**RESPONSE:**  APDC objects to this topic as it is vague, overbroad and unduly burdensome.  APDC further objects to this topic as it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  APDC further objects to this topic to the extent it seeks confidential financial information of a third party.

**TOPIC NO. 23:**  The first offer for sale, sale, public use, or public disclosure of the claimed invention in the '402 Patent or any product covered by the '402 Patent.

**RESPONSE:**  APDC objects to this topic on the grounds that it is vague, ambiguous, overbroad,

unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 24:** The promotion or marketing of the subject matter of the '402 Patent.

**RESPONSE:** APDC objects to this topic on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 25:** APDC or its predecessor's actions in monitoring the video-on-demand industry for possible infringement of the '402 Patent.

**RESPONSE:** APDC objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. APDC further objects to this topic as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. APDC further objects to this topic to the extent it seeks information protected by the work product privilege or the attorney client privilege.

**TOPIC NO. 26:** The best mode of practicing the inventions claimed in the '402 Patent.

**RESPONSE:** APDC objects to this topic as inappropriate for a 30(b)(6) deposition to the extent it improperly seeks expert discovery. APDC further objects to the extent this topic calls for a witness to provide legal opinions or conclusions. APDC will provide expert discovery in accordance with the Federal Rules, and the Scheduling Order entered in this action.

AMERICAN PATENT DEVELOPMENT
CORPORATION, LLC
By Counsel

REED SMITH LLP


By: _*/s/ Thad J. Bracegirdle*_____
    Thad J. Bracegirdle (Del. No. 3691)
    1201 Market Street
    Suite 1500
    Wilmington, Delaware  19801
    (302) 778-7500 (Telephone)
    (302) 778-7575 (Fax)
    E-mail:  tbracegirdle@reedsmith.com


    Mark W. Wasserman (*admitted pro hac vice*)
    Matthew R. Sheldon (*admitted pro hac vice*)
    Reed Smith LLP
    3110 Fairview Park Drive
    Suite 1400
    Falls Church, Virginia  22042
    (703) 641-4200 (Telephone)
    (703) 641-4340 (Fax)
    E-mail:  mwasserman@reedsmith.com
           msheldon@reedsmith.com
    Counsel for Plaintiff, American Patent Development
      Corporation, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **AMERICAN PATENT DEVELOPMENT CORPORATION, LLC,** | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 07-605-JJF |
| v. | ) ) ) | |
| **MOVIELINK, LLC,** | ) ) ) | |
| Defendant. | ) ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, I electronically filed the foregoing *Plaintiff's Objections and Responses to Defendant's Notice of Deposition of American Patent Development Corporation, LLC* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

    Jeffrey L. Moyer, Esq.
    Richards, Layton & Finger, P.A.
    One Rodney Square
    Wilmington, Delaware  19899

    Scott W. Breedlove, Esq.
    Vinson & Elkins LLP
    Trammel Crow Center
    2001 Ross Avenue, Suite 3700
    Dallas, Texas  75201

                      REED SMITH LLP

                      By:   */s/ Thad J. Bracegirdle*
                         Thad J. Bracegirdle (Del. No. 3691)
                         1201 Market Street, Suite 1500
                         Wilmington, Delaware  19801
                         (302) 778-7500
                         E-mail:  tbracegirdle@reedsmith.com